UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYMON JOHNSON,<br><br>       Plaintiff,<br><br>  v.<br><br>STEVE WATKIN, *et al*.<br><br>       Defendants. | Case No. 1:23-cv-00848-CDB<br><br>ORDER DENYING WITHOUT PREJUDICE MOTION FOR PRELIMINARY INJUNCTION<br><br>(Doc. 10) |

On June 1, 2023, Plaintiff Daymon Johnson ("Plaintiff") filed a complaint against Defendants Steve Watkin, Richard McCrow, Thomas Burke, Romeo Agbalog, John S. Corkins, Kay S. Meek, Kyle Carter, Christina Scrivner, Nan Gomez-Heitzenberg, and Yovani Jimenez. (Doc. 1). On July 6, 2023, Plaintiff filed a first amended complaint adding Sonya Christian (hereinafter collectively "Defendants") to this action. On July 13, 2023, Plaintiff filed the instant motion for preliminary injunction. (Doc. 10).

Plaintiff seeks to enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, pending final judgment, from investigating, disciplining, or terminating Plaintiff by applying Cal. Educ. Code §§ 87732 or 87735 and Kern Community College District Board Policy 3050, based on the content or viewpoint of his social or political speech. *Id*. Further, Plaintiff seeks to enjoin Defendants, their

1

officers, agents, servants, employees, and all those acting in concert with them who receive notice of the injunction, from enforcing Cal. Code of Regs., tit. 5, §§ 51200, 51201, 53425, 53601, 53602, and 53605, pending final judgment. *Id*.

The Court presently cannot consider Plaintiff's motion because neither it nor the supporting documents filed in support thereof supply any information demonstrating that Plaintiff has complied with the procedural requirements set forth in Federal Rule of Civil Procedure 65. Specifically, a preliminary injunction can issue "only on notice to the adverse party." Fed. R. Civ. P. 65(a). "The notice requirement by Rule 65(a) ... implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Fed. Trade Comm'n v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1217 (9th Cir. 2004) (quoting *Granny Goose Foods, Inc., v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 432, n. 7 (1974)).

Here, Plaintiff has not filed summonses returned executed, no Defendant has answered or appeared, and the Court otherwise has no information suggesting any Defendant has received copies of or otherwise is aware of the operative complaint (let alone the motion). *See generally* (Doc. 10). The Court acknowledges a plaintiff need not perfect service as a prerequisite to obtaining a preliminary injunction. *E.g., Corrigan Dispatch Co. v. Casa Guzman, S. A.*, 569 F.2d 300, 302 (5th Cir. 1978). Nevertheless, Fed. R. Civ. P. 5(a)(1)(D) and Eastern District of California Local Rules 135, 230, and 231 contemplate the Defendants here should have copies of Plaintiff's filings in support of the motion for preliminary injunction. Nothing in those filings addresses any efforts by Plaintiff to provide the motion papers to or attempt to notify any of the Defendants of his motion.

Under these circumstances, the Court is unable to conclude Defendants presently have had "a fair opportunity to oppose" Plaintiff's application. *Enforma*, 362 F.3d at 1217. For these reasons, this Court will not consider entry of a preliminary injunction or make any findings of fact until it appears notice to Defendants is provided.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for preliminary injunction is DENIED WITHOUT PREJUDICE.

/ / /

If and when Plaintiff refiles the motion supported by declarations sufficient to satisfy the Court the Defendants have notice of the motion and the filings, the Court will enter an order setting a further briefing schedule.

IT IS SO ORDERED.

Dated: __**July 14, 2023**__

_____
UNITED STATES MAGISTRATE JUDGE