Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
David A. Urban, Bar No. 159633
durban@lcwlegal.com
Jennifer R. Denny, Bar No. 314620
jdenny@lcwlegal.com
Morgan J. Johnson, Bar No. 345620
mjohnson@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704
Telephone:    559.256.7800
Facsimile:    559.449.4535

Attorneys for Defendants STEVE WATKIN, RICHARD
McCROW, THOMAS BURKE, ROMEO AGBALOG, JOHN S.
CORKINS, KAY S. MEEK, KYLE CARTER, CHRISTINA
SCRIVNER, NAN GOMEZ-HEITZEBERG, and YOVANI
JIMENEZ

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - BAKERSFIELD

| | |
|---|---|
| DAYMON JOHNSON,<br><br>             Plaintiff,<br><br>    v.<br><br>STEVE WATKIN, in his official capacity as Interim President, Bakersfield College; RICHARD McCROW, in his official capacity as Dean of Instruction, Bakersfield College; THOMAS BURKE, in his official capacity as Chancellor, Kern Community College District; SONYA CHRISTIAN, in her official capacity as Chancellor, California Community Colleges; ROMEO AGBALOG, in his official capacity as President, Kern Community College District Board of Trustees; JOHN S. CORKINS, in his official capacity as Vice President, Kern Community College District Board of Trustees; KAY S. MEEK, in her official capacity as Clerk, Kern Community College District Board of Trustees; KYLE CARTER, in his official capacity as Trustee, Kern Community College District; CHRISTINA SCRIVNER, in her official capacity as Trustee, Kern Community College District; NAN GOMEZ- | Case No.:  1:23-cv-00848 CDB<br><br>Complaint Filed: June 1, 2023<br>FAC Filed: July 6, 2023<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:  September 7, 2023<br>Time: 10:30 a.m.<br>Department: 200 |

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1  HEITZEBERG, in her official capacity
   as Trustee, Kern Community College
2  District; and YOVANI JIMENEZ, in his
   official capacity as Trustee, Kern
3  Community College District,

4              Defendants.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Defendants' Memo of Ps & As in Opposition to Plaintiff's Motion for Preliminary Injunction
12126803.3 KE020-114

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ....................................................................................................7

II.   FACTUAL BACKGROUND .....................................................................................9

III.  STANDARD FOR PRELIMINARY INJUNCTIVE RELIEF....................................9

IV.   JOHNSON HAS FAILED TO MAKE THE SHOWING NECESSARY TO
      SUPPORT PRELIMINARY INJUNCTIVE RELIEF.......................................10

      A.    JOHNSON DOES NOT SHOW HE IS LIKELY TO SUCCEED
            ON THE MERITS ..........................................................................10

            1.    Defendants Have Filed Concurrently with this Opposition A
                  Federal Rule of Civil Procedure 12(b)(6) Motion That
                  Details Procedural Flaws in Johnson's First Amended
                  Complaint that Preclude Relief as a Matter of Law....................10

            2.    The Challenges to Application of California Education Code
                  Sections 87732 and 87735 Lack Merit ......................................11

            3.    The Challenges to Board Policy 3050 Lack Merit....................13

            4.    The Challenges to California Code of Regulations
                  Promoting Diversity, Equity, Inclusion, and Accessibility
                  Lack Merit.................................................................................15

      B.    JOHNSON DOES NOT SHOW A LIKELIHOOD OF
            IRREPARABLE HARM IN THE ABSENCE OF PRELIMINARY
            INJUNCTIVE RELIEF....................................................................18

      C.    JOHNSON DOES NOT SHOW THE BALANCE OF EQUITIES
            AND HARDSHIPS TIP IN HIS FAVOR .............................................19

      D.    A PRELIMINARY INJUNCTION HERE WITHOUT QUESTION
            WOULD CONTRAVENE THE PUBLIC INTEREST........................20

V.    CONCLUSION..................................................................................22

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

3

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Federal Cases**

4

*3570 East Foothill Blvd., Inc. v. City of Pasadena*
  912 F. Supp. 1257 (C.D. Cal. 1995) ...................................................11

5

*Aliser v. SEIU California*
  419 F. Supp. 3d 1161 (N.D. Cal. 2019) ...............................................17

6

*Anderson v. U.S.*
  612 F.2d 1112 (9th Cir. 1979) ......................................................11, 21

7

8

*Babbitt v. Farm Workers*
  442 U.S. 289 (1979) ...........................................................................12

9

*Bishop Paiute Tribe v. Inyo Cty.*
  863 F.3d 1144 (9th Cir. 2017) ...........................................................13

10

11

*Burford v. Sun Oil Co.*
  319 U.S. 315 (1943) ...........................................................................22

12

*Clark v. City of Seattle*
  899 F.3d 802 (9th Cir. 2018) .............................................................12

13

14

*Coalition for Econ. Equity v. Wilson*
  122 F.3d 718 (9th Cir. 1997) .............................................................20

15

*Demers v. Austin*
  746 F.3d 402 (9th Cir. 2014) .............................................................19

16

17

*Demers v. Austin*
  746 F.3d 402 (9th Cir. 2014) ...........................................................9, 22

18

*Evers v. County of Custer*
  745 F.2d 1196 (9th Cir. 1984) ...........................................................18

19

20

*First Franklin Fin. Corp. v. Franklin First Fin. Ltd.*
  356 F. Supp. 2d 1048 (N.D. Cal. 2005) ..............................................19

21

*Fund for Animals v. Lujan*
  962 F.2d 1391 (9th Cir. 1992) ...........................................................21

22

23

*Garcetti v. Ceballos*
  547 U.S. 410 (2006) .....................................................................9, 18, 22

24

*Gillette v. Delmore*
  979 F.2d 1342 (9th Cir. 1992) ...........................................................18

25

26

*Golden Gate Restaurant Ass'n v. City & Cty. of S. F.*
  512 F.3d 1112 (9th Cir. 2008) ...........................................................21

27

28

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

4

*Hernandez v. City of Phoenix*
   43 F.4th 966 (9th Cir. 2022) ....................................................................9

*Hernandez v. City of Phoenix*
   43 F.4th 966 (9th Cir. 2022) ..................................................................16

*Hill v. Colorado*
   530 U.S. 703 (2000)................................................................................15

*Jordan v. Plaff*
   2023 WL 4295843 (C.D. Cal. June 30, 2023) ......................................18

*Keyishian v. Board of Regents*
   385 U.S. 589 (1967)................................................................................22

*Kiva Health Brands LLC v. Kiva Brands Inc.*,
   402 F. Supp. 3d 877 (N.D. Cal. 2019) ..................................................19

*Kobell v. Suburban Lines, Inc.*
   731 F.2d 1076 (3d Cir. 1984)................................................................19

*Lopez v. Candaele*
   622 F.3d 775 (9th. Cir 2010) ................................................................12

*Martinez v. Mathews*
   544 F.2d 1233 (5th Cir. 1976) ..............................................................11

*Maryland v. King*
   567 U.S. 1301 (2012)............................................................................20

*Metromedia Broad. Corp. v. MGM/UA Entm't Co, Inc.*
   611 F. Supp. 415 (C.D. Cal. 1985) .......................................................19

*Miller for and on behalf of N.L.R.B. v. Cal. Pac. Medic. Ctr.*
   991 F.2d 536 (9th Cir. 1993) ................................................................19

*Monell v. Dep't of Soc. Servs. of City of New York*
   436 U.S. 658 (1978)..............................................................................18

*Porretti v. Dzurenda*
   11 F.4th 1037 (9th Cir. 2021) ..............................................................22

*Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*
   445 F. Supp. 3d 695 (C.D. Cal. 2020) ..................................................18

*Regents of Univ. of Michigan v. Ewing*
   474 U.S. 214 (1985)..............................................................................22

*Sandoval v. County of Sonoma*
   912 F.3d 509 (9th Cir. 2018) ...........................................................9, 18

*Stormans, Inc. v. Selecky*
   586 F.3d 1109 (9th Cir. 2009) ..............................................................21

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Defendants' Memo of Ps & As in Opposition to Plaintiff's Motion for Preliminary Injunction

12126803.3 KE020-114

*Susan B. Anthony List v. Driehaus*
   573 U.S. 149 (2014) ................................................................................................ 12

*Sweezy v. New Hampshire*
   354 U.S. 234 (1957) ................................................................................................ 22

*United Data Servs., LLC v. FTC*
   39 F.4th 1200 (9th Cir. 2022) ............................................................................. 9, 12

*University of California Regents v. Bakke*
   438 U.S. 265 (1978) ................................................................................................ 22

*Villegas v. Gilroy Garlic Festival Ass'n*
   541 F.3d 950 (9th Cir. 2008) ................................................................................. 18

*Vives v. City of New York*
   524 F.3d 346 (2d Cir. 2008) .................................................................................. 17

*W.C. v. Rowland Unified Sch. Dist.*
   2017 WL 11509987 (C.D. Cal. June 15, 2017) ..................................................... 11

*Waters v. Churchill*
   511 U.S. 661 (1994) ................................................................................................ 15

*Weinberger v. Romero-Barcelo*
   456 U.S. 305 (1982) .......................................................................................... 11, 21

*Winter v. Natural Resources Def. Council, Inc.,*
   555 U.S. 7 (2008) ................................................................................................... 10

*Winter v. Natural Resources Def. Council. Inc.*
   555 U.S. 7 (2008) ..................................................................................................... 9

*Younger v. Harris*
   401 U.S. 37 (1971) ................................................................................................. 10

**State Statutes**

California Education Codes § 87732 ..................................................................... 7, 11

California Education Code § 87732(a) ....................................................................... 12

California Education Code § 87735 ..................................................................... 11, 12

**Federal Rules**

Federal Rule of Civil Procedure 12(b)(6) ........................................................... 10, 11

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Kern Community College District (the "District") employs Plaintiff Daymon Johnson ("Johnson") as a professor in its Social Sciences Department.  By this Motion for Preliminary Injunction, Johnson seeks an order from this Court prohibiting the Defendants[1] "and their officers, agents, servants, employees, and all those acting in concert with them who receive notice of the injunction, from enforcing Cal. Educ. Codes §§ 87732 and 87735 and Kern Community College District Board Policy 3050 against Plaintiff Johnson on the basis of the content and viewpoint of his speech on political and social issues."  (Notice of Motion for Preliminary Injunction filed July 20, 2023 [Docket No. 26], at 1.)  Board Policy 3050 is the District's policy on "Institutional Code of Ethics."  Johnson also asks this Court separately to "enjoin Defendants, their officers, agents, servants, employees, and all those acting in concert with them who receive notice of the injunction, from enforcing Cal. Code of Regs., tit. 5, §§ 51200, 51201, 53425, 53601, 53602, and 53605, pending final judgment." (*Id.*)  These are applicable state regulations on "Diversity, Equity, and Inclusion in the California Community Colleges."  Cal. Code of Regs., tit. 5, § 51201.

Johnson's Motion fails for numerous separate and distinct reasons.  At the outset, Johnson fails to meet the heavy burden for showing entitlement to preliminary injunctive relief.  He has not explained how he will suffer irreparable harm from the existence of Board Policy 3050 or the California regulations he challenges, particularly given that he articulates no current threat that the policy or regulations will be applied against him.  In addition, his delay in bringing this lawsuit, and this Motion, belies any showing of irreparable harm.

The problem for Johnson is that he cannot simply point to policies or processes at his college with which he disagrees, or even that he believes are unconstitutional, and thereby invoke the jurisdiction of the federal courts to vindicate his views.  Instead, to make a pre-enforcement

---

[1] The above-captioned counsel represents each of the Defendants in this matter, except Sonya Christian.  These Defendants include the following sued in their official capacity: Steve Watkin, Richard McCrow, Thomas Burke, Romeo Agbalog, John S. Corkins, Kay S. Meek, Kyle Cater, Christina Scrivner, Nan Gomez Heitzberg, and Yovani Jimenez (collectively and with the exception of Sonya Christian "Defendants").

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1   challenge to statutes at issue, he must meet stringent requirements.  *United Data Servs., LLC v.*

2   *FTC*, 39 F.4th 1200, 1210 (9th Cir. 2022).  And to obtain preliminary injunctive relief, he must

3   meet even more exacting standards.  *Winter v. Natural Resources Def. Council. Inc.*, 555 U.S. 7,

4   20 (2008).  He does neither.  He does not meet the challenges for pre-enforcement standing,

5   because he does not articulate any concrete plan by him to violate the standards he challenges.

6   Instead, he is an employee in good standing at the District under no threat of discipline.

7   Moreover, he dedicates minimal space in his brief to discussing such factors as irreparable harm

8   and whether the public interest favors a preliminary injunction, and in fact these factors preclude

9   injunctive relief.  (Memorandum of Points and Authorities in Support of Plaintiff's Motion for

10  Preliminary Injunction, filed July 20, 2023 [Docket No. 26-1] ("Plaintiff's Memo of P&A"), at

11  19.)

12          Johnson also cannot show a likelihood of success.  His lack of standing to make a pre-

13  enforcement challenge is fatal to his claims.  Even reaching the merits, the portions on Board

14  Policy 3050 he targets will withstand vagueness challenge.  *See Hernandez v. City of Phoenix*, 43

15  F.4th 966, 981-83 (9th Cir. 2022).  As to the California Code of Regulations by which the District

16  is required to adopt policies of anti-racism among other things, these are mandatory regulations of

17  the state of California.  The District and its officers in their official capacity must follow them.

18  There can be no liability under 42 U.S.C. section1983 for following the mandatory requirements

19  of state law.  *Sandoval v. County of Sonoma*, 912 F.3d 509, 517 (9th Cir. 2018).  In addition,

20  Johnson's challenge to these regulations goes to core issues of constitutional law that preclude the

21  judicial intervention Johnson requests.  Not just individual professors, but educational institutions

22  as whole have academic freedom rights to implement instruction as they wish.  *See Regents of*

23  *Univ. of Michigan v. Ewing*, 474 U.S. 214, 226 n.12 (1985).  Moreover, faculty First Amendment

24  Rights, as public employees, are weaker than those of members of the public generally, *Garcetti*

25  *v. Ceballos*, 547 U.S. 410, 421 (2006), and even as to college professors, their First Amendment

26  academic freedom rights must yield to balancing of interests.  *Demers v. Austin*, 746 F.3d 402,

27  413 (9th Cir. 2014).  As the Ninth Circuit has pointed out, these can involve making content-

28  based judgments.  *Id.*  It is impossible for these issues to be resolved on a rush basis in the context

of a preliminary injunction motion on the evidence presented.  Johnson's demands for a preliminary injunction have to be rejected.

In addition, this Motion should be denied because Defendants have filed a Motion to Dismiss on procedural grounds under Federal Rule of Civil Procedure 12(b)(6), and the fact that that Motion is pending precludes the grant of any relief until it is decided.

## II.    FACTUAL BACKGROUND

The Defendants respectfully refer this Court to the Factual Background section of the concurrently filed Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).

## III.    STANDARD FOR PRELIMINARY INJUNCTIVE RELIEF

A plaintiff seeking a preliminary injunction must establish that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest. *Winter v. Natural Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Id.* at 31.  An injunction is a matter of equitable discretion and "does not follow from success on the merits as a matter of course."  *Id.* at 32.

In order to prevail at the preliminary injunction stage, a plaintiff must make a "clear showing" of their injury and that they are entitled to the injunction.  *Id.* at 22.  The plaintiff must show that "irreparable injury is *likely* in the absence of an injunction."  *Id.* (emphasis in original). A mere "possibility" is not enough.  The mere "possibility of irreparable harm is inconsistent" with a preliminary injunction's status as an "extraordinary remedy."  *Id.*

In addition, authority also provides that the burden of legal proceedings, apparently including disciplinary proceedings, does not constitute irreparable harm.  The U.S. Supreme Court has applied this principle to criminal proceedings, describing: "Certain types of injury, in particular the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.  Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution."  *Younger v. Harris*, 401 U.S. 37,

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

9

46 (1971).

The third and fourth factors – the balance of equities and consideration of the public interest – "are pertinent in assessing the propriety of any injunctive relief, preliminary or permanent." *Winter*, 555 U.S. at 32.  "In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at 31. "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.* at 24 (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

Moreover, because Johnson seeks a preliminary injunction to change the status quo, he must carry "a heavy burden of persuasion." *3570 East Foothill Blvd., Inc. v. City of Pasadena*, 912 F. Supp. 1257, 1260 (C.D. Cal. 1995).  "Mandatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Anderson v. U.S.*, 612 F.2d 1112, 1114 (9th Cir. 1979) (quoting *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976)).

## IV.   JOHNSON HAS FAILED TO MAKE THE SHOWING NECESSARY TO SUPPORT PRELIMINARY INJUNCTIVE RELIEF

### A.   JOHNSON DOES NOT SHOW HE IS LIKELY TO SUCCEED ON THE MERITS

#### 1.   Defendants Have Filed Concurrently with this Opposition A Federal Rule of Civil Procedure 12(b)(6) Motion That Details Procedural Flaws in Johnson's First Amended Complaint that Preclude Relief as a Matter of Law

Defendants' Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) details numerous separate and distinct reasons the First Amended Complaint is subject to dismissal without leave to amend.  Because the First Amended Complaint is subject to dismissal, this Court should decline to consider any preliminary injunctive relief whatsoever.  *See W.C. v. Rowland Unified Sch. Dist.*, 2017 WL 11509987, at *1 (C.D. Cal. June 15, 2017) ("The preliminary injunction is based on the facts alleged in the complaint.  But since the complaint will be

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

10

1   dismissed with leave to amend, the Court will vacate the pending motion for a preliminary

2   injunction.").

3       **2.    The Challenges to Application of California Education Code Sections**

4            **87732 and 87735 Lack Merit**

5       Johnson brings a pre-enforcement "as applied" challenge to California Education Code

6   sections 87732 and 87735, and seeks by this Motion a preliminary injunction against the

7   Defendants enforcing it against him for violation of Board Policy 3050's civility standards.

8   These long-standing sections of the Education Code set forth procedures and standards for

9   discipline of faculty in community college districts. *See* Cal. Educ. Code §§ 87732, 87735.

10  Count I of the First Amended Complaint purports to make an "as applied" challenge to them.

11  (First Amended Complaint filed July 6, 2023 [Docket No. 8] ("FAC"), ¶¶ 157-64.) Johnson,

12  however, cannot show the required "likelihood of success" on this "as applied" claim. He must

13  make a high showing to have a prohibition enjoined, on an "as applied" basis, even before it is

14  enforced against him. A plaintiff may bring a pre-enforcement challenge to laws by showing the

15  plaintiff possesses "an intention to engage in a course of conduct arguably affected with a

16  constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution

17  thereunder." *Babbitt v. Farm Workers*, 442 U.S. 289, 299 (1979); *Susan B. Anthony List v.*

18  *Driehaus*, 573 U.S. 149, 159 (2014). "[A]dministrative action, like arrest or prosecution, may

19  give rise to harm sufficient to justify pre-enforcement review." *Id.* at 165.

20      The Ninth Circuit has established a three-factor test to determine whether plaintiffs have

21  shown a "credible threat" of "imminent" enforcement: "[1] whether the plaintiffs have articulated

22  a concrete plan to violate the law in question, [2] whether the prosecuting authorities have

23  communicated a specific warning or threat to initiate proceedings, and [3] the history of past

24  prosecution or enforcement under the challenged statute." *United Data Servs., LLC v. FTC*, 39

25  F.4th 1200, 1210 (9th Cir. 2022) (citing *Clark v. City of Seattle*, 899 F.3d 802, 813 (9th Cir.

26  2018)); *see also Lopez v. Candaele*, 622 F.3d 775, 785-86 (9th. Cir 2010). Plaintiffs must show

27  there is a "reasonable likelihood that the government will enforce the challenged law against

28  them" by articulating a "concrete plan" to violate the law by providing details about their future

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

speech, such as "when, to whom, where, or under what circumstances" it will occur.  *Lopez*, 622 F.3d at 786-87.  Furthermore, "generalized threats of prosecution do not confer constitutional ripeness," and therefore fail to show a reasonable likelihood of enforcement.  *Bishop Paiute Tribe v. Inyo Cty.*, 863 F.3d 1144, 1154 (9th Cir. 2017).  A plaintiff merely stating they face "serious civil penalties" is insufficient to establish that the penalties resulting from enforcement of the challenged law are actually "imminent or realistic."  *United Data Servs.*, 39 F.4th at 1211.

Here, Johnson's evidence does not show any sufficient threat that the District will seek to invoke California Education Code sections 87732 and 87735 against him, so as to enable his pre-enforcement as applied challenge.  Section 87732 authorizes discipline for "Immoral or unprofessional conduct," "Dishonesty," "Unsatisfactory performance," or "Evident unfitness for service," as well as "Persistent violation of, or refusal to obey, the school laws of the state or reasonable regulations prescribed for the government of the community colleges by the board of governors or by the governing board of the community college district . . . ."  Cal. Educ. Code § 87732(a); *see also* Cal. Educ. Code § 87735 (setting forth procedures for suspension and hearing). Johnson's evidence does not show any "concrete plan to violate the law in question" by Johnson. *United Data Servs.,* 39 F.4th at 1210.  In his lengthy declaration, the only plan Johnson articulates is what he intends to teach in upcoming semesters, including instruction based on texts he contends contradict current academic norms.  (Johnson Decl., ¶¶ 101-03, 105.)  But while Johnson names and briefly discusses the texts, he does not explain how instructing on those texts constitutes "Immoral or unprofessional conduct," "Dishonesty," "Unsatisfactory performance," or "Evident unfitness for service" under Education Code section 87732(a).  Otherwise, Johnson's declaration does not articulate any specific plan for how he intends to speak, and how it would in the District's interpretation violate section 87732's standards.  (Johnson Decl., ¶¶ 29-105.) Indeed, it is impossible for this Court to adjudicate a hypothetical "as applied" challenge asserted by Johnson when it does not know what particular standard, e.g., "immoral or unprofessional conduct" of "unfitness for service" is at issue and applied to what particular conduct.

Second, Johnson points to no specific warning or threat to initiate proceedings against him for violation of these standards, based on his speech as a professor at the District.  (Johnson Decl.,

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

¶¶ 29-105.)  *United Data Servs.*, 39 F.4th at 1210.  To the contrary, Johnson claims that it will infringe the new California regulations he challenges "[i]f I teach my classes as I normally would and always have."  (*Id.*, ¶ 105; Those regulations are discussed two sections below.)  This confirms that the District regards the way he has taught in the past not to constitute "Immoral or unprofessional conduct," "Unsatisfactory performance," or "Evident unfitness for service" under Education Code section 87732(a).  Third, as to history of past prosecution or enforcement under the challenged statute, *id.*, Johnson points to the District's investigation of a complaint against him by another professor, Andrew Bond, but admits he was ultimately vindicated.  (Johnson Decl., ¶¶ 15-21.)  He narrates how the District has enforced the Education Code sections at issue against another District professor, Matthew Garrett, but does not tie the grounds for discipline of Garrett to the only planned speech in which Johnson himself intends to engage – in particular his planned classroom instruction.  (Johnson Decl., ¶¶ 101-03, 105.)  Indeed, the Statement of Charges against Garrett that Johnson attaches to his Motion does not rest on the content of Garrett's actual instruction in the classroom (*id.*, Exhibit G (Docket No. 26-10), consecutive pages 7-21), so Johnson cannot point to proceedings against Garrett as enforcement history that threatens him.  Accordingly, Johnson fails to prove a likelihood of success on the merits as to his challenge to application of the Education Code (Count I to his First Amended Complaint).

### 3.  The Challenges to Board Policy 3050 Lack Merit

Johnson's demand for preliminary injunctive relief based on his pre-enforcement "as applied" challenge to the District's Board Policy 3050, its Institutional Code of Ethics, lacks merit for the same reason as his challenge to the Education Code provisions.  He fails to show a likelihood of success on this claim as well, which is Count II of this First Amended Complaint.  (FAC, ¶¶ 165-172.)  Johnson targets language from the Board Policy concerning "verbal forms of aggression, threat, harassment, ridicule, or intimidation."  (See, Plaintiff's Motion at 2, 17.)  Johnson, however, cannot show the required "likelihood of success" on this "as applied" claim.

Again, Johnson's evidence does not show any "concrete plan to violate" Board Policy 3050 by Johnson.  *United Data Servs.,* 39 F.4th at 1210.  Johnson's only alleged plan is what he plans to teach in upcoming semesters (Johnson Decl., ¶¶ 101-03, 105), but he does not describe

13

how his instruction would involve, for example, "verbal forms of aggression, threat, harassment, ridicule, or intimidation" under Board Policy 3050.  (*Id.*)  Next, Johnson describes no current specific warning or threat to initiate proceedings against him for violation of these standards, based on his speech as a professor at the District.  (Johnson Decl., ¶¶ 29-105.)  *United Data Servs.,* 39 F.4th at 1210.  The District did investigate Johnson based on a complaint against him by another professor, Andrew Bond, which involved claims that Johnson acted improperly toward Bond through attacks on social media.  (Johnson Decl., ¶¶ 15-21.)  But that complaint and investigation both took place more than a year ago, and resulted in an Administrative Determination in Johnson's favor in February 2022; there is no allegation that the District will ever follow up on that complaint or investigation, which resulted in no discipline against Johnson. (*Id.*)  Indeed, the administrative determination of the complaint does not reference Board Policy 3050.  (Johnson Decl., Exhibit E (Docket No. 26-8).)  Moreover, again, Johnson's references to the charges against another District professor, Matthew Garrett, do not support any history of enforcement, because the disciplinary materials Johnson provided as to Garrett show Garrett's conduct at issue was different.  (*Id.*, Exhibits F (Docket No. 26-9), G (Docket No. 26-10).) Additionally, it does not appear that Johnson has included a complete copy of Board Policy 3050 anywhere in his filings with this Court, even as an attachment to his First Amended Complaint. Accordingly, it is impossible for this Court to adjudicate it in connection with this Motion. (Defendants will present a copy to this Court at the appropriate time if necessary, and show that much of its language is aspirational, not mandatory, and would not serve as the basis for discipline.)

Johnson also does not show a likelihood of success on his vagueness challenge to Board Policy 3050, which is Count III of this First Amended Complaint.  To prevail on a facial vagueness challenge, plaintiffs must show either that the challenged provisions fail to afford employees "a reasonable opportunity to understand what conduct [the provisions] prohibit[ ]," or that the provisions permit "arbitrary and discriminatory enforcement."  *Hill v. Colorado*, 530 U.S. 703, 732 (2000).  If it is clear what the challenged provisions proscribe "in the vast majority of [their] intended applications," they cannot be deemed unconstitutionally vague on their face.  *Id.*

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

14

at 733; *see also Waters v. Churchill*, 511 U.S. 661, 673 (1994) (plurality opinion) (noting that policies governing public employee speech may be framed in language that might be deemed impermissibly vague if applied to the public at large). Indeed, the Ninth Circuit has recently found that fairly broad language in a social media policy survived a facial vagueness challenge. *See Hernandez v. City of Phoenix*, 43 F.4th 966, 981–83 (9th Cir. 2022) (rejecting vagueness challenges to police department social media policy prohibiting speech that was "detrimental to the mission and functions of the Department," would "undermine the goals and mission of the Department or City," or would "undermine respect or public confidence in the Department.").

Again, it does not appear that Johnson has included a complete copy of Board Policy 3050 anywhere in his filings with this Court, or even complete paragraphs that include the language he challenges, so that this Court can read the policy in context. The challenge fails at the outset for this separate and distinct reason. Even moving to the merits of the vagueness challenge, the phrase Johnson targets from Board Policy 3050 – "verbal forms of aggression, threat, harassment, ridicule, or intimidation" – is in fact more concise than terminology that the Ninth Circuit has approved under a facial vagueness challenge. *See Hernandez*, 43 F.4th at 981–83. Johnson cites no authority to the contrary, and instead ruminates on hypothetical ways the language could be abused by administrators. *See* Plaintiff's Motion at 16-17; FAC, ¶¶ 166-171. Johnson does not dispute that the language from Board Policy 3050 is going to be clear "in the vast majority of [its] intended applications." *Hill,* 530 U.S. at 732. He does not present cogent arguments or sufficient authority to support the challenge. Accordingly, Johnson fails to prove a likelihood of success on his challenges to Board Policy 3050 (Counts II and III to his First Amended Complaint).

### 4.    The Challenges to California Code of Regulations Promoting Diversity, Equity, Inclusion, and Accessibility Lack Merit

Finally, Johnson demands preliminary injunctive relief based on what is apparently a pre-enforcement "as applied" challenge to the California Code of Regulations relating to Diversity, Equity, Inclusion and Accessibility ("DEIA"), Cal. Code Regs., tit. 5 §§ 51200, 51201, 53425, 53601, 53602, 53605, and 53601. He fails to show a likelihood of success on these claims, which are Counts IV and V of his First Amended Complaint, for the same reasons as for his other

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

15

challenges, because he does not show the requirements are met for a pre-enforcement claim.

Again, Johnson's evidence does not show any "concrete plan to violate" those regulations, despite

the many pages of Johnson's declaration criticizing them. *United Data Servs.,* 39 F.4th at 1210.

Although Johnson articulates in detail why he disagrees with different portions of the regulations,

and will not conform his speech to them, his statements are ultimately conclusory. (*E.g.*, Johnson

Decl., ¶ 100 ("Almost everything I teach violates the new DEIA requirements – not just by failing

to advance the DEIA and anti-racist/racist ideology, but also by criticizing it."). He does not

detail specific instances of how he will infringe the regulations somehow, and certainly nothing

specific that could possibly lead to some form of discipline. (*Id.*, ¶¶ 73-100; *see also id.*, ¶¶ 60-

73.) Next, Johnson describes no current specific warning or threat to initiate proceedings against

him whatsoever for violation of these standards, based on his speech as a professor at the District.

*United Data Servs.,* 39 F.4th at 1210. As to history of enforcement, the prior complaint by

Professor Bond against him had nothing to do with the DEIA regulations (Johnson Decl., ¶¶ 15-

21, Exhibit E (Docket No. 26-8).) The materials Johnson supplied for the discipline of Garrett do

not rest on the regulations either. (*Id.*, Exhibits F (Docket No. 26-9), G (Docket No. 26-10).)

Next, Johnson's attack on the regulation lacks merit – as against the Defendants who are

officers or elected officials of the District sued in their official capacity – because Johnson cannot

hold those individuals liable in their official capacity (or otherwise) under 42 U.S.C. section 1983

for compliance with a mandatory state law, like the regulations at issue here. The District and its

officers and elected officials did not create and promulgate the regulations, and instead the State

of California effectively did. Under the facts Johnson has pleaded, Defendants here have no

choice but to follow the regulations.

All of Johnson's causes of action rest on 42 U.S.C. section 1983, and there should be no

section 1983 liability (and hence no injunctive relief) for a local agency's complying with

mandatory state law, in this case California's new DEIA regulations applicable to community

colleges. As the Court in *Aliser v. SEIU California*, 419 F. Supp. 3d 1161, 1165 (N.D. Cal.

2019), described, "[w]hen a municipality exercises no discretion and merely complies with a

mandatory state law, the constitutional violation was not caused by an official policy of the

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

municipality." *Id.* (citing *Vives v. City of New York*, 524 F.3d 346, 353 (2d Cir. 2008); *Evers v. County of Custer*, 745 F.2d 1196, 1203 (9th Cir. 1984); *Sandoval v. County of Sonoma*, 912 F.3d 509, 517 (9th Cir. 2018))*; Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*, 445 F. Supp. 3d 695, 705-06 (C.D. Cal. 2020) (same); *see also Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) (describing that, for section 1983 liability, "there must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation").  Accordingly, the demand for preliminary injunctive relief as to the California Code of Regulations sections at issue lacks merit because the underlying 42 U.S.C. section 1983 causes of action against the District are unfounded.  (The foregoing standards apply to a municipality's liability under 42 U.S.C. section 1983 as governed by *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).  These standards apply as well to individual officers sued in their official capacity for injunctive or declaratory relief under Section 1983. *E.g., Jordan v. Plaff*, 2023 WL 4295843, at *6 (C.D. Cal. June 30, 2023) ("[T]o state a cognizable § 1983 claim against a municipality or local government officer in his or her official capacity, a plaintiff must show the alleged constitutional violation was committed 'pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure" of the local governmental entity.'") (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992)).)

The foregoing constitutes sufficient grounds to confirm Johnson lacks a likelihood success on Counts IV and V of the First Amended Complaint predicated on the California Code of Regulations.  But Defendants expect that the Attorney General's Office on behalf of Defendant Chancellor Sonya Christian, will cite as further support the overwhelming public interest supporting eradicating invidious discrimination in our society.  How the California community college system chooses to support this goal rests in many respects within its decision making authority.  Federal case law describing the First Amendment free speech rights of faculty in higher education confirms this.  Like other public employees, faculty members give up some First Amendment free speech rights, with respect to their government employer, when they take up a position with the government. *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006).  Although faculty

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Defendants' Memo of Ps & As in Opposition to Plaintiff's Motion for Preliminary Injunction

12126803.3 KE020-114

members in higher education retain First Amendment free speech rights in their "speech related to scholarship and teaching," *Demers v. Austin*, 746 F.3d 402, 406 (9th Cir. 2014), those rights are subject to a balancing of interests.  The Ninth Circuit has admonished that in this balancing, academic institutions can make content-based decisions.  *Id.* at 413 ("Ordinarily, such a content-based judgment is anathema to the First Amendment.  But in the academic world, such a judgment is both necessary and appropriate.").  Further, the Ninth Circuit has advised federal courts against intervening in that decision making.  *Demers v. Austin*, 746 F.3d at 413.  This Court must take these considerations into account in evaluating the regulations that Johnson challenges by this action.

### B.    JOHNSON DOES NOT SHOW A LIKELIHOOD OF IRREPARABLE HARM IN THE ABSENCE OF PRELIMINARY INJUNCTIVE RELIEF

A plaintiff's "*long delay* before seeking a preliminary injunction implies a lack of urgency and irreparable harm."  *Miller for and on behalf of N.L.R.B. v. Cal.  Pac. Medic. Ctr.*, 991 F.2d 536, 544 (9th Cir. 1993) (emphasis added); *see also Kobell v. Suburban Lines, Inc.*, 731 F.2d 1076, 1091 n.27 (3d Cir. 1984) ("[T]he  district court may legitimately think it suspicious that the party who asks to preserve the status quo through interim injunctive relief has allowed the status quo to change through unexplained delay.").  Courts in this Circuit have found unexplained delays of three months in seeking injunctive relief to indicate absence of irreparable harm.  *First Franklin Fin. Corp. v. Franklin First Fin. Ltd.*, 356 F. Supp. 2d 1048, 1055 (N.D. Cal. 2005); *see also Metromedia Broad. Corp. v. MGM/UA Entm't Co, Inc.*, 611 F. Supp. 415, 427 (C.D. Cal. 1985) (concluding that four-month delay warranted denying injunctive relief); *Kiva Health Brands LLC v. Kiva Brands Inc.*, 402 F. Supp. 3d 877, 898-99 (N.D. Cal. 2019).

Here, Johnson was accused by a colleague of bullying in September 2021, and an administrative determination in Johnson's favor issued in February 2022.  (Johnson Decl., ¶ 19, Exhibit E.)  He has filed this lawsuit well over a year later, claiming there is some type of exigency warranting preliminary injunctive relief.  There clearly is none.  Johnson is in good standing at the District, as articulated in Chancellor Burke's declaration filed herewith.  (See, Declaration of Thomas Burke ("Burke Decl."), ¶¶ 1-2.)

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1    Indeed, it is Defendants who will suffer irreparable injury if this Court enjoins

2    enforcement of the California DEIA regulations at issue.  "[A]ny time a State is enjoined by a

3    court from effectuating statutes enacted by representatives of its people, it suffers a form of

4    irreparable injury."  *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers);

5    *Coalition for Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997) ("[I]t is clear that a state

6    suffers irreparable injury whenever an enactment of its people or their representatives is

7    enjoined.").

8    **C.    JOHNSON DOES NOT SHOW THE BALANCE OF EQUITIES AND**

9    **HARDSHIPS TIP IN HIS FAVOR**

10    Here, the balance of equities and hardships decisively favors Defendants.  As to

11    application of the long-standing Education Code provisions at issue, there is no indication

12    whatsoever the Defendants will assert those against Johnson, currently, or at any time in the

13    future – and not for the specific reason Johnson suggests, violation of Board Policy 3050.  The

14    declaration of Chancellor Burke filed concurrently herewith confirms this, and states that Johnson

15    is in fact in good standing at the District.  (Burke Decl., ¶¶ 1-2.)  There is thus no reason for a

16    preliminary injunction given there is no exigency.  Johnson's counsel could suggest that if there is

17    no intent to discipline, then there is no harm to the District in a preliminary injunction that

18    precludes discipline.  The hardship will be on the District, however, which will potentially have

19    to pay attorneys' fees for an injunction for which there was no need, and also suffer a stigma of

20    being enjoined from some type of speculative wrongdoing in which the District demonstrably has

21    no intent to engage.

22    As to a preliminary injunction against the California regulations concerning DEIA and

23    incorporating principles of anti-racism into the community college instruction, the hardship

24    would be on the District, which would be thrust, on very short notice, into a scenario in which it

25    cannot comply with state-mandated laws designed to address one of the most critical public

26    interest issues of our time – ensuring equal access in the state's educational system.  The efforts

27    by the California community colleges to join this cause should not be resolved in a preliminary

28    injunction motion on a rush basis.  Indeed, if this Court grants the preliminary injunctive relief

that Johnson demands, the District will not only lose the ability to advance a mandate of the entire community college system, but be forced – on penalty of contempt – to refrain from implementing "anti-racism," as articulated in any aspects of the regulations.  It is hard to see how this can be accomplished, without in many situations failing to combat discrimination, inequity, and unequal access.  The logistical problems of willfully refusing to comply with the DEIA regulations, on Court order, would create a myriad of dilemmas and impracticalities, and all on a topic that is simultaneously sensitive, urgent, politically charged, and potentially polarizing.  These are circumstances that can readily trigger liability under federal and state laws.  They can also stir powerful emotions and create impressions in the student community and with the public that that can last a lifetime.  Even if Johnson has a likelihood of success on his claims (and he does not), these real considerations warrant denial of preliminary injunctive relief.  They certainly do if there is any room for doubt on Johnson's constitutional claims and given the scope of his claims, including the numerous aspects of the California regulations he challenges.

Moreover, because Johnson seeks to enjoin the enforcement of state law, the requested relief would change rather than preserve the status quo.  *See Golden Gate Restaurant Ass'n v. City & Cty. of S. F.*, 512 F.3d  1112, 1116 (9th Cir. 2008) (explaining that an injunction against a newly enacted  law does not preserve the status quo).  This, in turn, means that Johnson must establish that the law and facts clearly favor his position, not simply that he is likely to succeed on his claims.  *Anderson v. U.S.*, 612 F.2d 1112, 1114 (9th Cir. 1979).  For the reasons described above, he cannot make this showing.

## D.     A PRELIMINARY INJUNCTION HERE WITHOUT QUESTION WOULD CONTRAVENE THE PUBLIC INTEREST

Plaintiffs must also establish that the public interest warrants a preliminary injunction.  Where a party requests an injunction enjoining enforcement of state law, like here, the public interest is clearly involved.  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1139 (9th Cir. 2009).  "In cases where the public interest is involved, the district court must also examine whether the public interest favors the plaintiff."  *Fund for Animals v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992); *see also Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) ("In

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.").

Here, the public interest overwhelmingly favors refraining from granting preliminary injunctive relief.  This is true for all of the reasons articulated in the last section.[2]  Moreover, although Johnson has invoked his First Amendment speech rights, those are in fact diminished from those of members of the public generally, because he accepted work as a public employee. *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006); *Demers v. Austin*, 746 F.3d 402, 413 (9th Cir. 2014).  In addition, his demand that this Court intervene – in an extremely significant way – in the workings of the District, and by extension the California Community College system, infringes the institutional academic freedom rights of both.  *See Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214, 226 n.15 (1985) ("Academic freedom thrives not only on the independent and uninhibited exchange of ideas among teachers and students, but also, and somewhat inconsistently, on autonomous decision making by the academy itself) (citing *Keyishian v. Board of Regents,* 385 U.S. 589, 603 (1967); *Sweezy v. New Hampshire,* 354 U.S. 234, 250 (1957) (opinion of Warren, C.J.)); *see also University of California Regents v. Bakke,* 438 U.S. 265, 312 (1978) (opinion of Powell, J.); *Sweezy,* 354 U.S. at 263 (Frankfurter, J., concurring in result).  A preliminary injunction would seriously compromise and contradict the public interest in institutional academic freedom.

As noted above, courts hold that states suffer harm when enforcement of their laws is enjoined.  *King*, 567 U.S. at 1303.  Where, as here, "responsible public officials" have considered the public interest and enacted a statute, the public interest weighs against enjoining such legislation.  *Golden Gate Restaurant Ass'n*, 512 F.3d at 1126-27.  "[I]t is in the public interest that federal courts of equity should exercise their discretionary power with proper regard for the rightful independence of state governments in carrying out their domestic policy."  *Burford v. Sun Oil Co.*, 319 U.S. 315, 318 (1943).

---

[2] The Ninth Circuit has described that: "The third and fourth factors of the preliminary-injunction test—balance of equities and public interest—merge into one inquiry when the government opposes a preliminary injunction." *Porretti v. Dzurenda*, 11 F.4th 1037, 1050 (9th Cir. 2021). This Opposition treats them separately for purposes of organization, but all the arguments for each element support the other as well.

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

## V. __CONCLUSION__

For all of the foregoing reasons, Defendants respectfully request that this Court deny Johnson's Motion for a Preliminary Injunction.

Dated:  August 18, 2023                                    LIEBERT CASSIDY WHITMORE


By:    _/s/ David A. Urban_
Jesse J. Maddox
David A. Urban
Jennifer R. Denny
Morgan J. Johnson
Attorneys for Defendants STEVE WATKIN, RICHARD McCROW, THOMAS BURKE, ROMEO AGBALOG, JOHN S. CORKINS, KAY S. MEEK, KYLE CARTER, CHRISTINA SCRIVNER, NAN GOMEZ-HEITZEBERG, and YOVANI JIMENEZ

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Defendants' Memo of Ps & As in Opposition to Plaintiff's Motion for Preliminary Injunction

12126803.3 KE020-114

**PROOF OF SERVICE**

 I am a citizen of the United States and resident of the State of California.  I am employed in Fresno, State of California, in the office of a member of the bar of this Court, at whose direction the service was made.  I am over the age of eighteen years and not a party to the within action.

 On **August 18, 2023,** I served the foregoing document(s) described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** in the manner checked below on all interested parties in this action addressed as follows:

Mr. Alan Gura
Institute for Free Speech
1150 Connecticut Ave., N.W. Suite 801
Washington, DC 20036
Email: agura@ifs.org

 ☑ **(BY ELECTRONIC SERVICE)**  By electronically mailing a true and correct copy through Liebert Cassidy Whitmore's electronic mail system from cconley@lcwlegal.com to the email address(es) set forth above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

 Executed on **August 18, 2023**, at Fresno, California.

 I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      */s/ Carina Conley*
      Carina Conley

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave., Suite 310
Fresno, California 93704

12126803.3 KE020-114