1  Jesse J. Maddox, Bar No. 219091
   jmaddox@lcwlegal.com
2  David A. Urban, Bar No. 159633
   durban@lcwlegal.com
3  Jennifer R. Denny, Bar No. 314620
   jdenny@lcwlegal.com
4  Morgan J. Johnson, Bar No. 345620
   mjohnson@lcwlegal.com
5  LIEBERT CASSIDY WHITMORE
   A Professional Law Corporation
6  5250 North Palm Ave, Suite 310
   Fresno, California 93704
7  Telephone:    559.256.7800
   Facsimile:    559.449.4535
8
9  Attorneys for Defendants STEVE WATKIN, RICHARD
   McCROW, THOMAS BURKE, ROMEO AGBALOG, JOHN S.
   CORKINS, KAY S. MEEK, KYLE CARTER, CHRISTINA
10 SCRIVNER, NAN GOMEZ-HEITZEBERG, and YOVANI
   JIMENEZ
11

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - BAKERSFIELD

| | |
|---|---|
| DAYMON JOHNSON,<br><br>             Plaintiff,<br><br>      v.<br><br>STEVE WATKIN, in his official capacity as Interim President, Bakersfield College; RICHARD McCROW, in his official capacity as Dean of Instruction, Bakersfield College; THOMAS BURKE, in his official capacity as Chancellor, Kern Community College District; SONYA CHRISTIAN, in her official capacity as Chancellor, California Community Colleges; ROMEO AGBALOG, in his official capacity as President, Kern Community College District Board of Trustees; JOHN S. CORKINS, in his official capacity as Vice President, Kern Community College District Board of Trustees; KAY S. MEEK, in her official capacity as Clerk, Kern Community College District Board of Trustees; KYLE CARTER, in his official capacity as Trustee, Kern Community College District; CHRISTINA SCRIVNER, in her official | Case No.:  1:23-cv-00848 CDB<br><br>Complaint Filed: June 1, 2023<br>FAC Filed: July 6, 2023<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Declaration of David A. Urban filed concurrently herewith]*<br><br>Date:          October 16, 2023<br>Time:          1:30 p.m.<br>Courtroom: Honorable Ana de Alba |

1

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1  capacity as Trustee, Kern Community
2  College District; NAN GOMEZ-
   HEITZEBERG, in her official capacity
3  as Trustee, Kern Community College
   District; and YOVANI JIMENEZ, in his
4  official capacity as Trustee, Kern
   Community College District,

5                              Defendants.

6

7        **TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:**

8        **PLEASE TAKE NOTICE THAT** on October 16, 2023, at 1:30 p.m., or as soon

9  thereafter as the matter may be heard in the Robert E. Coyle Federal Courthouse, located at 2500

10 Tulare Street, Courtroom 1, Fresno, California 93721, Courtroom 1, Eighth Floor, Defendants

11 STEVE WATKIN, RICHARD McCROW, THOMAS BURKE, ROMEO AGBALOG, JOHN S.

12 CORKINS, KAY S. MEEK, KYLE CARTER, CHRISTINA SCRIVNER, NAN GOMEZ-

13 HEITZEBERG, and YOVANI JIMENEZ (collectively "Defendants")[1] will and hereby do move

14 to dismiss the First Amended Complaint ("FAC") of Plaintiff DAYMON JOHNSON ("Plaintiff"

15 or "Johnson") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

16       The moving Defendants seek to dismiss the FAC for failure to state a claim upon which

17 relief can be granted on the following grounds:

18       1.      The first, second, and third counts against the Defendants allege viewpoint

19 discrimination in violation of the First Amendment but fail to state a claim because the FAC

20 alleges no adverse employment action.  *See Dahlia v. Rodriguez*, 735 F.3d 1060, 1067 (9th Cir.

21 2013).

22       2.      The first, second, and third counts against the Defendants should be dismissed

23 because Plaintiff lacks standing to assert a pre-enforcement challenge to California Education

24 Code Sections 87732 and 87735 and District Board Policy 3050.  *Susan B. Anthony List v.

25 Driehaus*, 573 U.S. 149, 157-58 (2014); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61

26 877.

27

28 _____

[1] The above-captioned counsel represents each of the Defendants in this matter, except Sonya
Christian, Chancellor of the California Community Colleges.

Defendants' Motion to Dismiss First Amended Complaint

12147230.1 KE020-114

3. The first, second, and third counts against the Defendants in their official capacity should be dismissed, because Johnson alleges the Defendants are liable under 42 U.S.C. section 1983 ("Section 1983") yet pleads insufficient facts to establish liability. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

4. The fourth and fifth counts against the Defendants should be dismissed because Johnson's Section 1983 claim regarding California state regulations faults the Defendants for complying with state laws and fails to join the Board of Governors of the California Community Colleges as a necessary party. *Sandoval v. Cty. of Sonoma*, 912 F.3d 509, 517-18 (9th Cir. 2018); *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992).

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all of the pleadings and papers on file with the Court herein, on such matters of which this Court may take judicial notice, and any further evidence and argument that the Court may receive at or before the hearing on this Motion.[2]

Dated: August 29, 2023

Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By:   */s/ David A. Urban*
Jesse J. Maddox
David A. Urban
Jennifer R. Denny
Morgan J. Johnson
Attorneys for Defendants STEVE WATKIN, RICHARD McCROW, THOMAS BURKE, ROMEO AGBALOG, JOHN S. CORKINS, KAY S. MEEK, KYLE CARTER, CHRISTINA SCRIVNER, NAN GOMEZ-HEITZEBERG, and YOVANI JIMENEZ

---

[2] Defendants file this Motion pursuant to this Court's August 22, 2023 order [Dkt. No. 45]. Counsel have met and conferred regarding the substance of this Motion and any potential resolution, and exhausted these efforts, as described in the accompanying Declaration. The arguments in this Motion are the same as those asserted in Defendants' Motion filed August 18, 2023 [Dkt. No. 44].

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

# TABLE OF CONTENTS

I.    INTRODUCTION ....................................................................................................9

II.   RELEVANT ALLEGATIONS AND FACTUAL BACKGROUND ...........................10

    A.    THE DISTRICT INVESTIGATES A COMPLAINT AGAINST
    JOHNSON .............................................................................................10

    B.    THE DISTRICT TERMINATES GARRETT FOR MISCONDUCT
    UNRELATED TO JOHNSON ...............................................................11

    C.    KERN COMMUNITY COLLEGE DISTRICT COMPLIES WITH
    STATE REGULATIONS ........................................................................11

III.  THE STANDARD FOR A FEDERAL RULE OF CIVIL PROCEDURE
12(B)(6) MOTION TO DISMISS ..........................................................................12

IV.   LEGAL ANALYSIS .............................................................................................13

    A.    COUNTS I, II, AND III LACK MERIT AS A MATTER OF LAW .............13

        1.    Johnson Has Not Alleged Any Adverse Employment Action ................13

            a.    An Investigation Is Not an Adverse Employment
            Action ..............................................................................13

            b.    A Notice of Determination Is Not An Adverse
            Employment Action ........................................................14

            c.    Notice of Potential Future Investigations is Not an
            Adverse Employment Action..........................................15

        2.    Johnson Lacks Standing To Assert A Pre-Enforcement
        Challenge To Education Code Section 87732 And 87735 or
        Board Policy 3050..............................................................................16

            a.    Johnson Has Not Alleged an Actual Injury in Fact .......16

            b.    Johnson Has Not Alleged an Imminent Future Injury
            in Fact...............................................................................16

                i.    The Complaint Does Not Allege A Concrete
                Plan ....................................................................17

                ii.   The Complaint Does Not Allege A Specific
                Warning Or Threat ................................................18

                iii.  The Complaint Does Not Adequately Allege
                A History Of Past Enforcement ...........................19

        3.    Johnson Names The Individual Defendants In Their Official
        Capacity Under 42 U.S.C. Section 1983 Yet Fails To Allege
        *Monell* Liability ................................................................................21

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

12147230.1 KE020-114

1          B.      COUNTS IV AND V LACK MERIT AS A MATTER OF LAW ........................23

2    V.    CONCLUSION ............................................................................................................25

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Defendants' Motion to Dismiss First Amended Complaint

12147230.1 KE020-114

1

## __TABLE OF AUTHORITIES__

**Federal Cases**

2

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................... 13, 15

3

*Babbitt v. Farm Workers*,
   442 U.S. 289 (1979) ..................................................................................... 17, 19

4

5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................... 13

6

*Bethesda Lutheran Homes & Services, Inc. v. Leean*,
   154 F.3d 716 (7th Cir. 1998) ............................................................................. 23

7

8

*Bishop Paiute Tribe v. Inyo Cty.*,
   863 F.3d 1144 (9th Cir. 2017) ........................................................................... 18

9

*Campbell v. Hawaii Department of Education*,
   892 F.3d 1005 (9th Cir. 2018) ........................................................................... 14

10

11

*City of Canton v. Harris*,
   489 U.S. 378 (1989) ........................................................................................... 22

12

*City of Oklahoma City v. Tuttle*,
   471 U.S. 808 (1985) ........................................................................................... 23

13

14

*Clark v. City of Seattle*,
   899 F.3d 802 (9th Cir. 2018) ............................................................................. 17

15

*Coszalter v. City of Salem*,
   320 F.3d 968 (9th Cir. 2003) ............................................................................. 13

16

17

*Dahlia v. Rodriguez*,
   735 F.3d 1060 (9th Cir. 2013) ........................................................................... 13

18

*Evers v. County of Custer*,
   745 F.2d 1196 (9th Cir. 1984) ........................................................................... 23

19

20

*Ex Parte Young*,
   209 U.S. 123 (1908) ........................................................................................... 23

21

*Giboney v. Empire Storage & Ice Co.*,
   336 U.S. 490 (1949) ........................................................................................... 21

22

23

*Gillette v. Delmore*,
   979 F.2d 1342 (9th Cir. 1992) ........................................................................... 22

24

*Jett v. Dallas Independent School District*,
   491 U.S. 701 (1989) ........................................................................................... 22

25

26

*Laird v. Tatum*,
   408 U.S. 1 (1972) ............................................................................................... 17

27

28

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Defendants' Motion to Dismiss First Amended Complaint

12147230.1 KE020-114

*Lopez v. Candaele*,
   622 F.3d 775 (9th Cir. 2010) ................................................................................17

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ................................................................................16

*Monell v. Department of Social Services of City of New York*,
   436 U.S. 658 (1978)................................................................................21, 22, 23

*Norsworthy v. Beard*,
   87 F. Supp. 3d 1104 (N.D. Cal. 2015) ................................................................................23

*Nunez v. City of Los Angeles*,
   147 F.3d 867 (9th Cir. 1998) ................................................................................15, 19

*Pembaur v. City of Cincinnati*,
   475 U.S. 469 (1986)................................................................................23

*Rumsfeld v. Forum for Academic & Institutional Rights, Inc.*,
   574 U.S. 47 (2006) ................................................................................20

*Sandoval v. Cty. of Sonoma*,
   912 F.3d 509 (9th Cir. 2018) ................................................................................23

*Shermoen v. United States*,
   982 F.2d 1312 (9th Cir. 1992) ................................................................................24, 25

*Siu v. De Alwis*,
   2009 WL 10677145 (D. Haw. July 29, 2009) ................................................................................14

*Sosa v. Hiraoka*,
   714 F.Supp. 1100 (E.D.Cal. 1988) ................................................................................24

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001)................................................................................13

*Stones v. Los Angeles Community College Dist.*,
   572 F. Supp. 1072, 1077-78 (C.D. Cal. 1983) ................................................................................24

*Susan B. Anthony List v. Driehaus*,
   573 U.S. 149 (2014)................................................................................16, 17

*Swenson v. Potter*,
   271 F.3d 1184 (9th Cir. 2001) ................................................................................14

*Thomas v. Anchorage Equal Rights Commission*,
   220 F.3d 1134 (9th Cir. 1999) ................................................................................17, 18

*United Data Services, LLC v. FTC*,
   39 F.4th 1200 (9th Cir. 2022) ................................................................................17

*Villegas v. Gilroy Garlic Festival Association*,
   541 F.3d 950 (9th Cir. 2008) ................................................................................22, 23

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

7

12147230.1 KE020-114

*Vives v. City of New York*,
    524 F.3d 346 (2d Cir. 2008).................................................................................23

*Waters v. Churchill*,
    511 U.S. 661 (1994).........................................................................................14

*Younger v. Harris*,
    401 U.S. 37 (1971)...........................................................................................17

*Zandberg v. Edmonds High School District No. 15*,
    2009 WL 973348 (W.D. Wash. Apr. 9, 2009)....................................................14

*Zandberg v. Edmonds School District No. 15*,
    378 F. App'x 714 (9th Cir. 2010) ......................................................................14

**Federal Statutes**

42 U.S.C. § 1983.......................................................................................................21

Federal Rule of Civil Procedure 12(b)(6) ...................................................................12

**State Statutes**

California Education Code § 70901.5...........................................................................24

California Education Code § 71000.............................................................................24

California Education Code § 71024.............................................................................24

California Education Code § 71027.............................................................................24

California Education Code § 87734.............................................................................18

California Education Code § 87732.............................................................................16

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Defendants' Motion to Dismiss First Amended Complaint

12147230.1 KE020-114

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.  INTRODUCTION

3

Plaintiff Daymon Johnson ("Johnson" or "Plaintiff") seeks declaratory and injunctive

4

relief against the Board of Trustees of the Kern Community College District (the "District") and

5

officials of the District and Bakersfield College. Defendants Steve Watkin, Richard McCrow,

6

Thomas Burke, Romeo Agbalog, John S. Corkins, Kay S. Meek, Kyle Carter, Christina Scrivner,

7

Nan Gomez-Heitzeberg, and Yovani Jimenez ("Defendants") seek dismissal of Johnson's First

8

Amended Complaint ("FAC") because it fails to state a claim upon which relief may be granted.

9

First, Johnson has not and cannot establish that he suffered any actual harm.  There was an

10

investigation into a complaint against him, but the District expressly stated that there would be no

11

action taken against him.  Any "threat" of further investigation is merely a statement that the

12

District takes all complaints seriously.  In fact, Johnson's own exhibits to the FAC demonstrate

13

that the District investigates complaints, regardless of the complainant's ideological or political

14

views.  Most of Johnson's lawsuit is based on speculation about what might happen in the future

15

if he decides to act inconsistently with state regulations that promote diversity, equity, inclusion,

16

and accessibility. *See infra* Section IV.A.1.

17

Second, to the extent Johnson feels that his speech has been "chilled," he has failed to

18

establish this to be the case.  Johnson points to actions taken against his colleague, Matthew

19

Garrett, but their conduct is not the same.  Garrett was terminated for misconduct unrelated to

20

Johnson, and Johnson has not alleged any similar conduct that he has engaged in that would

21

subject him to discipline.  Instead, he speculates very generally that he might be disciplined in the

22

future. *See infra* Section IV.A.2.

23

Third, Johnson has not alleged sufficient facts to establish *Monell* liability against

24

Defendants. *See infra* Section IV.A.3.  Moreover, Johnson admits that the District is simply

25

complying with state regulations, which should not subject Defendants to liability.  Also, Johnson

26

has failed to join the Board of Governors of the California Community Colleges, which precludes

27

Johnson obtaining the relief he seeks. *See infra* Section IV.B.

28

For the foregoing reasons, Johnson's claims against Defendants must be dismissed.

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

9

1

## II.     RELEVANT ALLEGATIONS AND FACTUAL BACKGROUND

2       Johnson filed his FAC alleging the following violations of law: (1) viewpoint

3  discrimination under the First Amendment through an as applied to challenge California

4  Education Code sections 87732 and 87735; (2) viewpoint discrimination under the First

5  Amendment through an as applied to challenge to the District's Board Policy 3050; (3) vagueness

6  under the First and Fourteenth Amendments through an as applied challenge to Board Policy

7  3050; (4) viewpoint discrimination under the First Amendment through an as applied challenge to

8  the California Code of Regulations, title 5, sections 51200, 51201, 53425, 53601, 53602, and

9  53605; and (5) compelled speech under the First Amendment through an as applied challenge to

10  California Code of Regulations, title 5, sections 51200, 51201, 53425, 53601, 53602, and 53605.

11  (First Amended Complaint filed July 6, 2023 (Docket No. 8) ("FAC"), ¶¶ 157-185.)

12       ### A.     THE DISTRICT INVESTIGATES A COMPLAINT AGAINST JOHNSON

13       Plaintiff's FAC alleges as follows.  On September 21, 2021, Professor Andrew Bond, a

14  faculty member at Bakersfield College,[3] filed a Human Resources complaint against Johnson

15  alleging Johnson engaged in harassment and bullying based on a Facebook post and commentary

16  Johnson posted online.  (*Id.*, ¶ 73.)  The District initiated an investigation.  (*Id.*, ¶ 74.)  The matter

17  concluded on February 23, 2022, when then-College President Zav Dadabhoy sent Johnson the

18  District's administrative determination of the complaint against him.  (*Id.*, ¶ 74; Exhibit E to FAC

19  (Docket No. 8-6).)  The administrative determination stated that Johnson's conduct presented no

20  cause for discipline.  (FAC, ¶ 74.)  The administrative determination also stated the District "will

21  investigate any further complaints of harassment and bullying and, if applicable, will take

22  appropriate remedial action including but not limited to any discipline determined to be

23  appropriate."  (*Id.*)

24       There are no allegations in the FAC or accompanying exhibits that the District imposed

25  discipline on Johnson, or took any further action against Johnson based on Professor Bond's

26  complaint.

27  ///

28

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

---

[3]Bakersfield College is one of several colleges in the KCCD.

Defendants' Motion to Dismiss First Amended Complaint

12147230.1 KE020-114

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

## B.   THE DISTRICT TERMINATES GARRETT FOR MISCONDUCT UNRELATED TO JOHNSON

Matthew Garrett was a faculty member at the College.  On November 21, 2022, Defendant McCrow issued Garrett a 90-day notice pursuant to California Education Code Section 87734.  (*Id.*, ¶ 79; Exhibit F to FAC (Docket No. 8-7).)  The 90-day notice identified acts of Garrett's unprofessional conduct and unsatisfactory performance, including filing frivolous complaints against his colleagues, violating campus COVID policies, and making false statements about the District and its faculty.  *(*FAC, ¶ 79.)

President Dadabhoy formally recommended termination to the District's Board of Trustees.  (*Id.*, ¶ 6, 89.)  The Statement of Charges accompanying President Dadabhoy's recommendation stated that Garrett failed to follow the directives contained in the 90-day notice and failed to cure his "deficient job performance," and went on to describes the bases for the termination of Garrett's employment.  (*Id.*, ¶ 6, 92.)  The District terminated Garrett's employment on the grounds of immoral or unprofessional conduct (Cal. Educ. Code, §§ 87732, subd. (a), and 87735); dishonesty (Cal. Educ. Code, § 87732, subd. (b)); unsatisfactory performance (Cal. Educ. Code, § 87732, subd. (c)); evident unfitness for service (Cal. Educ. Code, § 87732, subd. (d)); persistent violation of, or refusal to obey, the school laws of the state or reasonable regulations prescribed for the government of the community colleges by the board of governors or by the governing board of the community college district employing him or her (Cal. Educ. Code, § 87732, subd. (f)); and willful refusal to perform regular assignments without reasonable cause, as prescribed by reasonable rules and regulations of the employing district (Cal. Educ. Code, § 87732, subd. (c)).  (*Id.*, ¶ 96; Ex. G to FAC (Docket No. 8-8).)  Then-District Chancellor Christian concurred in President Dadabhoy's recommendation.  (FAC, ¶ 96.)

On April 13, 2023, the Board of Trustees terminated Garrett's employment with the District.  (*Id.*, ¶ 6, 90; Ex. G to FAC (Docket No. 8-8).)

## C.   KERN COMMUNITY COLLEGE DISTRICT COMPLIES WITH STATE REGULATIONS

In or around November 2022, the California Community Colleges Board of Governors

promulgated regulatory changes related to diversity, equity, inclusion, and accessibility ("DEIA").  The Board of Governors determined that all "community college employees should develop the professional skills, knowledge, and behaviors necessary to provide our diverse student population with the welcoming and inclusive campus environments that are necessary to student success and more equitable outcomes through the reduction of achievement gaps."  (Ex. B to FAC (Docket No. 8-3), p. 2).  The Board of Governors set forth new regulations that establish a DEIA competency and criteria framework that "serve as a minimum standard for evaluating all California Community College employees" and "enable colleges and districts to discuss and adopt the minimum skills, abilities, and knowledge, employees must possess or would need to acquire to teach, work, and lead at California Community Colleges."  (*Id.*)  The regulations became effective April 16, 2023.  (*Id.*)

Title 5, California Code of Regulations, section 52010, required the District to conform its policies and procedures to the regulatory requirements within 180 days of this effective date.  (*See id.*)  Additionally, on May 5, 2023, the California Community Colleges Chancellor's Office issued a memorandum "to provide information regarding the Evaluation and tenure review of district employees and the resources that are available to support districts and colleges with local implementation of these regulations."  (*Id* at p. 3.)

Johnson just "successfully completed an evaluation period" and will not be evaluated for three more years.  (FAC, ¶ 113.)  Johnson has not and cannot allege that he has received any negative evaluations, discipline, or even threats of discipline as a result of the Board of Governors' recent adoption of new regulations and the District's implementation of those regulations.

## III.   THE STANDARD FOR A FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) MOTION TO DISMISS

Defendants in federal court can file motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the basis that a complaint fails to state a claim on which relief can be granted.  To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S.

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A federal court complaint cannot simply include conclusory allegations and no facts providing support.  *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss).

Indeed, allegations in the complaint need not be accepted as true if they are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Likewise, Courts are not required to accept as true a plaintiff's legal conclusion "couched as a factual allegation."  *Twombly*, 550 U.S. at 555.

## IV.   LEGAL ANALYSIS

### A.   COUNTS I, II, AND III LACK MERIT AS A MATTER OF LAW

#### 1.   Johnson Has Not Alleged Any Adverse Employment Action

A plaintiff must suffer an adverse employment action to state a First Amendment retaliation claim.  *Dahlia v. Rodriguez*, 735 F.3d 1060, 1067 (9th Cir. 2013).  "To constitute an adverse employment action, a government act of retaliation need not be severe and it need not be of a certain kind.  Nor does it matter whether an act of retaliation is in the form of the removal of a benefit or the imposition of a burden."  *Coszalter v. City of Salem*, 320 F.3d 968, 975 (9th Cir. 2003).  The test is whether the action is "reasonably likely to deter employees from engaging in protected activity."  *Id*. at 976.

Here, Johnson alleges he was subject to the following actions: (1) an investigation into the administrative complaint received from Johnson's co-employee, (*see* FAC, ¶ 74, p. 15.) and (2) an administrative determination that "communicated the [D]istrict's determination that Johnson's conduct presented no cause for discipline."  (*See* FAC ¶ 75, p. 15.)  Neither is an adverse employment action as a matter of law.

##### a.   An Investigation Is Not an Adverse Employment Action

A reasonable investigation into a complaint about a public employee's alleged misconduct does not constitute an adverse employment action triggering a First Amendment retaliation claim.  In fact, the U.S. Supreme Court recognized that managers at public agencies must have some investigatory discretion notwithstanding employee First Amendment rights.

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1   *Waters v. Churchill*, 511 U.S. 661, 678 (1994).  Courts have repeatedly found that an

2   investigation of a public employee's alleged misconduct did not constitute an adverse

3   employment action.  *Campbell v. Hawaii Dep't of Educ.*, 892 F.3d 1005, 1013 (9th Cir. 2018)

4   (holding that an investigation into allegations of misconduct with no resulting change to the

5   conditions of employment is not an adverse employment action); *Swenson v. Potter*, 271 F.3d

6   1184, 1192-1193 (9th Cir. 2001) (holding that employers are obligated to investigate complaints

7   received from employees about other employees); *Siu v. De Alwis*, 2009 U.S.Dist.LEXIS 145220,

8   at *7 (D. Haw. July 29, 2009) (following *Swenson*).

9          Here, the facts alleged in the FAC show the District's investigation was a reasonable

10  response to the complaint by Professor Bond.  The FAC contains no allegations that the

11  investigation the District initiated in response to a co-employee complaint had any features that

12  made it egregious or unfair, or that it was accompanied by other retaliatory measures.

13  Accordingly, the investigation of which Johnson complains falls short of being considered an

14  adverse employment action.

15          **b.**      **A Notice of Determination Is Not An Adverse Employment**

16                  **Action**

17          After an investigation concludes, formal memoranda or notices from employers typically

18  do not constitute an adverse employment action.  Documents from an employer devoid of any

19  disciplinary action or reprimand do not rise to the level of an adverse employment action.

20  *Zandberg v. Edmonds High Sch. Dist. No. 15*, 2009 U.S.Dist.LEXIS 30084, at *23 (W.D. Wash.

21  Apr. 9, 2009), *aff'd sub nom. Zandberg v. Edmonds Sch. Dist. No. 15*, 378 F. App'x 714 (9th Cir.

22  2010).

23          Here, the facts alleged in the FAC regarding the administrative determination do not

24  establish that it constitutes an adverse employment action.  Although the administrative

25  determination addresses 29 separate allegations raised in Professor Bond's complaint (including

26  conclusions that both sustained some allegations and did not sustain other allegations), the

27  administrative determination ultimately determined Johnson's "conduct presented no cause for

28  ///

12147230.1 KE020-114

discipline" and the administrative determination does not itself discipline Johnson.  *See* FAC, ¶ 75, page 15:18-24.

### c.      Notice of Potential Future Investigations is Not an Adverse Employment Action

Additionally, Johnson seems to allege the District will subject him to adverse actions *in the future* as a result of the District complying with new DEIA regulations.  Johnson alleges that Defendants stated the District would "investigate any further complaints of harassment and bullying, and if applicable, will take appropriate remedial action including but not limited to any discipline determined to be appropriate" (*see* FAC ¶ 76, p. 15.), but mere warnings of potential discipline are not sufficient to constitute adverse employment actions.  *Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir. 1998) ("Mere threats and harsh words are insufficient.").

As alleged, the FAC never states that Johnson was subject to reprimand or discipline other than simply receiving the administrative determination and statement that the District will investigate future complaints of harassment and bullying and take appropriate remedial action as appropriate, none of which rise to the level of an adverse employment action.  (*See* FAC, ¶ 76, p. 15.)  As the Ninth Circuit described in *Nunez*, 147 F.3d at 875, regarding the adverse employment action requirement, in explaining how "mere threats and harsh words are insufficient": "It would be the height of irony, indeed, if mere speech, in response to speech, could constitute a First Amendment violation."[4]  Here, the FAC merely speculates that Johnson will be subject to discipline because the District must comply with the DEIA regulations and does not offer any alleged facts that support this assertion.[5]  The District has not imposed, or even threatened, an

---

[4] The FAC tries to allege an adverse employment action by adding the boilerplate conclusion that various conduct by the Defendants "chills and compels" Plaintiff's speech, was reasonably likely to and did chill Plaintiff's speech on the subject of diversity, equity, inclusion, and accessibility, and deters him from further public discussion on these issues.  (*See* FAC, ¶¶ 104, 111, 114.)  This conclusory allegation does not overcome that the FAC itself does not allege actual facts supporting this critical, prima facie element, i.e., a chilling effect that somehow meets the standard for an adverse employment action.  *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss).

[5] Defendants will address below the allegation that actions taken against Johnson's colleague, Garrett, somehow support the District's intent to take action against Johnson.

Defendants' Motion to Dismiss First Amended Complaint

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

12147230.1 KE020-114

adverse employment action against Johnson related to the District's implementation of the DEIA regulations.  Without an adverse employment action, Johnson has not stated a valid First Amendment retaliation claim.

In light of the foregoing, the FAC does not sufficiently allege that Johnson was subject to an adverse employment action and his first, second, and third causes of action thus fail as a matter of law.

### 2. Johnson Lacks Standing To Assert A Pre-Enforcement Challenge To Education Code Section 87732 And 87735 or Board Policy 3050

To establish Article III standing, a plaintiff must show "(1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury will be redressed by a favorable decision.'"  *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014) ("*SBA List*") (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  Each element is an "indispensable part of the plaintiff's case" and must be established with "the manner and degree of evidence required at the successive stages of the litigation."  *Lujan*, 504 U.S. at 561.  Johnson fails to establish an injury in fact sufficient for Article III standing.

An injury in fact is "an invasion of a legally protected interest" and ensures the plaintiff has a "personal stake in the outcome of the controversy."  *Id.* at 560; *SBA List*, 573 U.S. at 158.  A sufficient injury must be "concrete and particularized" and "actual or imminent," not "conjectural" or "hypothetical."  *Lujan*, 504 U.S. at 560.

### a. Johnson Has Not Alleged an Actual Injury in Fact

As discussed above, Johnson has not alleged any adverse employment action suffered in the past.  Thus, there is no actual injury suffered based on the District's compliance with California Education Code sections 87732.

### b. Johnson Has Not Alleged an Imminent Future Injury in Fact

Allegations of future injuries must be "certainly impending," or pose a "substantial risk" that the harm will occur.  *SBA List*, 573 U.S. at 158.  In the First Amendment context, mere "allegations of a subjective 'chill' upon the exercise of First Amendment rights are not an

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

16

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1    adequate substitute for a claim of specific present objective harm or a threat of specific future

2    harm . . ." *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972); *see also Younger v. Harris*, 401 U.S. 37, 42

3    (1971) (noting intervening plaintiffs may not bring a First Amendment pre-enforcement challenge

4    "solely because, in the language of their complaint, they 'feel inhibited'").

5            Plaintiffs may bring a pre-enforcement challenge to laws and still satisfy the injury in fact

6    requirement by alleging they possess "an intention to engage in a course of conduct arguably

7    affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat

8    of prosecution thereunder." *Babbitt v. Farm Workers*, 442 U.S. 289, 299 (1979); *SBA List*, 573

9    U.S. at 159.  The Ninth Circuit has established a three-factor test to determine whether plaintiffs

10   have shown a "credible threat" of "imminent" enforcement: "[1] whether the plaintiffs have

11   articulated a concrete plan to violate the law in question, [2] whether the prosecuting authorities

12   have communicated a specific warning or threat to initiate proceedings, and [3] the history of past

13   prosecution or enforcement under the challenged statute." *United Data Servs., LLC v. FTC*, 39

14   F.4th 1200, 1210 (9th Cir. 2022) (citing *Clark v. City of Seattle*, 899 F.3d 802, 813 (9th Cir.

15   2018)); *see also Lopez v. Candaele*, 630 F.3d 775, 785-86 (9th Cir. 2010).

16                   i.        *The Complaint Does Not Allege A Concrete Plan*

17           Under this test, a plaintiff must show there is a "reasonable likelihood that the government

18   will enforce the challenged law against them" by articulating a "concrete plan" to violate the law;

19   this includes by providing details about their future speech, such as "when, to whom, where, or

20   under what circumstances." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139

21   (9th Cir. 1999); *Lopez*, 630 F.3d at 786-87.  Merely stating a plaintiff faces "serious civil

22   penalties" is insufficient to establish that the penalties resulting from threatened enforcement of

23   the challenged law are actually "imminent or realistic." *United Data Servs.*, 39 F.4th at 1211.

24           Here, the FAC fails to adequately allege Johnson possesses a concrete plan to engage in

25   conduct that would lead to his discipline under Education Code sections 87732 and 87735.  The

26   FAC alleges several ways in which Johnson purportedly self-censors to *avoid* discipline under the

27   Education Code or Board Policy 3050.  (*See, e.g.*, FAC, ¶¶ 102-112; 149-153.)  To the extent the

28   FAC identifies any concrete plan to violate the law in the future potentially punishable under

Defendants' Motion to Dismiss First Amended Complaint

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Education Code sections 87732 and 87735 or Board Policy 3050, it is limited to Johnson's future alleged refusal to comply with DEIA regulations.  (FAC, ¶¶ 113-148.)  However, Johnson's future injury remains hypothetical and speculative.  Failing to comply with the regulations does not necessarily entail a negative evaluation, a negative evaluation does not necessarily entail substantive discipline, and substantive discipline does not necessarily entail termination.

Johnson also alleges that the chilling of his speech is the injury in fact suffered, based on his own misconstrued allegations that "Defendants consider the expression of political and social viewpoints that they reject" as grounds for investigation, discipline, and termination.  (FAC, ¶ 161.)  Johnson's allegations rely heavily on the fact that his colleague was terminated.  However, a reading of Garrett's 90-day notice and Statement of Charges demonstrates that Garrett's misconduct is distinguishable from Johnson's alleged future misconduct.  (Exs. F and G to FAC (Docket Nos. 8-7 and 8-8).)  Garrett filed 36 separate, baseless complaints with the District, sparking 23 third-party investigations.[6]  (Ex. F to FAC (Docket No. 8-7), p. 5.)

Johnson's alleged plan to refuse to comply with DEIA regulations merely identifies a "general intent to violate a statute at some unknown date," which fails to rise to the "level of an articulated, concrete plan."  *Thomas*, 220 F.3d at 1139.  These plans are "essentially another way of saying that the mere existence of a statute can create a constitutionally sufficient direct injury, a position that we have rejected before and decline to adopt now."  *Id.*

          ii.     *The Complaint Does Not Allege A Specific Warning Or Threat*

Furthermore, "generalized threats of prosecution do not confer constitutional ripeness," and therefore fail to show a reasonable likelihood of enforcement.  *Bishop Paiute Tribe v. Inyo Cty.*, 863 F.3d 1144, 1154 (9th Cir. 2017).

Here, the FAC fails to allege the District or Defendants have communicated a specific warning or threat of enforcement.  In fact, California Education Code section 87734 *requires* the District to communicate its specific intent to discipline and terminate pursuant to Education Code

---

[6] As noted in Garrett's 90-day notice and Statement of Charges, the District investigated complaints against both sides of the "ideological divide" Johnson describes.  The District investigates complaints of employee misconduct regardless of political or social viewpoints.

Defendants' Motion to Dismiss First Amended Complaint

12147230.1 KE020-114

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

sections 87732 and 87735 in the form of a 90-day notice.  The District has not issued Johnson a 90-day notice or expressed any intention of doing so, as evident in its decision *not* to take disciplinary action based on the administrative determination.  (FAC, ¶¶ 75-76.)

Therefore, Johnson must rely on alleged informal or implied threats of enforcement, but these too fail to show a reasonable likelihood of enforcement.  The FAC identifies Defendant Corkins' December 12, 2022, statement as a threat of enforcement.  (FAC, ¶¶ 66-67.)  Johnson cannot rely on Defendant Corkins' December 12, 2022, statement because that statement is far too generalized, and constitutes the off-hand remark of only one Trustee.  There is no sufficient explanation of how that remark even arguably applies to Johnson.  Moreover, "[i]t would be the height of irony, indeed, if mere speech, in response to speech, could constitute a First Amendment violation."  *Nunez*, 147 F.3d at 875.

Johnson also identifies then-President Dadabhoy's December 8, 2022, email as a threat of enforcement.  The FAC alleges Johnson subjectively interpreted this email as a message to him and other RIFL members that they would be the "target of suppression, intimidation, and censorship."  (FAC, ¶ 98.)  But President Dadabhoy's email does not make any such threat.  The email articulates aspirational community goals in which the community leader – President Dadabhoy – is calling for a "reset" and a renewed sense of commitment to the District's students in light of the "ideological divide" Johnson alleges in the FAC.  (FAC, ¶¶ 59-69; Ex. C to FAC (Docket No. 8-4).)  The email reads, "[l]et us have good words, good thoughts, and good deeds in the new year!" and "[i]t is all of our responsibility to ensure all students, faculty and staff feel safe and are able to thrive at Bakersfield College."  (FAC, Ex. C to FAC (Docket No. 8-4).)  The email does not identify Johnson or RIFL, nor does it identify a specific intention to pursue discipline against either.  This fails to qualify as a "specific warning or threat to initiate proceedings" because any alleged threat within this holiday email is simply not credible, and is instead imaginary and speculative.  *Babbitt*, 442 U.S. at 298.

iii.   *The Complaint Does Not Adequately Allege A History Of Past Enforcement*

Johnson's lengthy attempt to analogize Garrett's discipline and subsequent termination

19

12147230.1 KE020-114

1    falls short of establishing a history of enforcement under the Education Code or Board Policy

2    3050 in the manner Johnson asserts.  The FAC characterizes Garrett's discipline and termination

3    in a conclusory manner as an attempt by the District to "censor and punish" Garrett's speech on

4    his "conservative political views and social values" and Johnson "shares many of" Garrett's

5    views and values.  (FAC, ¶¶ 78, 82-85, 95-96, 100.)

6        The FAC mischaracterizes the Statement of Charges issued to Garrett.  A careful review

7    the Statement of Charges reveals the District terminated Garrett in large part for his

8    unprofessional *conduct* by abusing of the District's resources with numerous frivolous unfounded

9    complaints and allegations of misconduct against his peers, thereby wasting District resources in

10   investigating those baseless complaints and allegations.  (FAC, Ex. G to FAC (Docket No. 8-8),

11   pp. 22-23.)  Garrett's conduct disrupted the College and District operations and diminished the

12   value of the District's complaint reporting system.  This misconduct has no factual similarity at

13   all to the matters Johnson alleges in the FAC as to his own speech.

14       Board Policy 3050, partially relied upon by the District in disciplining Garrett, establishes

15   an institutional code of ethics.  To the extent the FAC mentions Board Policy 3050 at all (it does

16   not attach any copy of the policy), it includes conclusory assertions that the District disciplined

17   Garrett on the basis of speech, such as "apparently with respect to his public political and

18   ideological speech" (FAC, ¶ 85) or "Per Defendants, Garrett's political speech amounted to:

19   [Education Code sections 87732 and 87735 violations]."  (FAC, ¶ 96.)  However, the 90-day

20   notice notes Garrett abused the EthicsPoint incident management system with 36 baseless

21   complaints, 23 of which required 3rd party investigation.  (Ex. F to FAC (Docket No. 8-7), p. 5.)

22   These public, baseless accusations against Garrett's ideological opponents wasted college and

23   District resources, which is a violation of Board Policy 3050 as *conduct* that misappropriates

24   District resources for personal or group gain.

25       The District would have proper grounds to discipline this type of disruptive conduct,

26   regardless of the content of the accusations or if the conduct implicated protected speech.

27   *Rumsfeld v. Forum for Academic & Institutional Rights, Inc.*, 547 U.S. 47, 62 (2006) ("[I]t has

28   never been deemed an abridgment of freedom of speech . . . to make a course of conduct illegal

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

20

12147230.1 KE020-114

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed") (quoting *Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 502 (1949)).

Finally, Johnson does not stand in Garrett's shoes to a sufficient degree to show Garrett's discipline will necessarily lead to his own. There are no allegations that the District has indicated it plans to issue Johnson a 90-day notice or any plans to otherwise discipline or terminate Johnson. Quite the contrary, the District has made it clear that there would be no action taken against Johnson. (FAC, ¶ 76; Ex. E to FAC (Docket No. 8-6), p. 10.) The FAC does not indicate Johnson has engaged in the same practice of submitting numerous frivolous complaints that require District investigation or otherwise wasted District resources in violation of Board Policy 3050. In fact, the FAC condemns the practice of submitting frivolous complaints – exactly the type of misconduct that supported Garrett's discipline – given the degree to which Johnson took offense to Professor Bond's complaint because Johnson believed the District should have dismissed that complaint "out of hand." (FAC, ¶¶ 74-76.) Therefore, Johnson cannot rely on the District's discipline of Garrett to show a history of enforcement because the FAC does not sufficiently indicate Johnson plans to engage in the same conduct as Garrett.

In light of the foregoing, the FAC does not sufficiently allege that Johnson suffered an injury in fact to grant him standing to assert a pre-enforcement challenge to Education Code section 87732 and 87735 or Board Policy 3050.

### 3.    Johnson Names The Individual Defendants In Their Official Capacity Under 42 U.S.C. Section 1983 Yet Fails To Allege *Monell* Liability

Counts one, two, and three of Johnson's FAC against the individual Defendants in their official capacity should be dismissed, because Johnson alleges the Defendants are liable under Section 1983, yet pleads insufficient facts to establish liability. In *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.54 (1978), the Court held that local governmental entities, including in that case a Board of Education and the Board of Education's Chancellor in his official capacity, may only be liable in a Section 1983 action for alleged constitutional violations if the plaintiff meets specific requirements. The *Monell* requirements apply as well to

individual officers sued in their official capacity for injunctive or declaratory relief under Section 1983. *E.g., Jordan v. Plaff*,  2023 U.S.Dist.LEXIS 114002, at *12 (C.D. Cal. June 30, 2023) ("[T]o state a cognizable § 1983 claim against a municipality or local government officer in his or her official capacity, a plaintiff must show the alleged constitutional violation was committed 'pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure" of the local governmental entity.'") (quoting *Gillette*, 979 F.2d at 1346).

Specifically, the *Monell* Court held that a local government entity is not liable under Section 1983 simply because its employees violated a plaintiff's constitutional rights.  *Monell*, 436 U.S. at 691.  Rather, there are two ways a plaintiff may establish a local governing body's liability under Section 1983.  First, a plaintiff may show "that the individual who committed [or ratified] the constitutional tort was an official with 'final policy-making authority' and that the challenged action itself thus constituted an act of official government policy."  *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992).  To determine whether a public officer is a final policymaker, the Court looks first to state law.  *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989).  Here, Johnson has not identified any public officer at the District as a final policymaker whose action constituted an act of official government policy.  Therefore, Johnson has not even begun to establish *Monell* liability through the first method.

Second, a plaintiff can establish *Monell* liability by showing both a deprivation of constitutional rights and a policy, custom or practice that was the "moving force" behind the constitutional violation.  *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008).  There must be "a direct causal link between a … policy or custom and the alleged constitutional deprivation."  *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).  As discussed above, the FAC is devoid of alleged facts showing any actual deprivation of Johnson's constitutional rights.  Although Johnson identified that it is the District's policy to comply with state law and regulations, specifically the DEIA regulations, Johnson fails to explain how this compliance led to the actual deprivation of his constitutional rights.  Even if Defendants' responsibility for BP 3050 somehow satisfies the pleadings standard, there is no policy, custom,

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

or practice of Defendants with regard to the California Code of Regulations provisions that Plaintiff challenges by this lawsuit.  Instead, those are externally imposed requirements of state law.  Accordingly, Johnson has not established liability through the second method either, and the Section 1983 allegations against Defendants are subject to dismissal.  *See Villegas*, 541 F.3d at 957.[7]

## B.   COUNTS IV AND V LACK MERIT AS A MATTER OF LAW

Under *Monell*, local government entities are only liable for promulgating "polic[ies] or custom[s]" that cause constitutional violations.  *Monell*, 436 U.S. at 694.  A policy is a "course of action consciously chosen from among various alternatives."  *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985); *see also Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986) (declaring that liability attaches only where "a deliberate choice to follow a course of action is made from among various alternatives").  If the state mandates that a community college district take a particular action, no such choice exists.  *See Sandoval v. Cty. of Sonoma*, 912 F.3d 509, 517-18 (9th Cir. 2018) (indicating there can be no Section 1983 liability if a local governmental entity acts in reliance on a non-discretionary state law); *cf. Evers v. County of Custer*, 745 F.2d 1196, 1203 (9th Cir. 1984) (upholding *Monell* liability because the law in question was discretionary); *see also Vives v. City of New York*, 524 F.3d 346, 353 (2d Cir. 2008) (providing that liability under Section 1983 turned on whether state law mandated or merely authorized a city to enforce a particular provision of state law); *Bethesda Lutheran Homes & Servs., Inc. v. Leean*, 154 F.3d 716, 718 (7th Cir. 1998) ("When the municipality is acting under compulsion of state or federal law, it is the policy contained in that state or federal law, rather than anything devised or adopted by the municipality, that is responsible for the injury.").  Courts have repeatedly held that California community colleges are subject to a great degree of legislative

---

[7] In the meet-and-confer on August 28, 2023, Plaintiff's counsel questioned a community college district's ability to require a plaintiff to satisfy *Monell* standards for liability.  Plaintiff may argue in opposition to this Motion that a community college district is an arm of the state and when its officials are sued under *Ex Parte Young*, 209 U.S. 123, 159-60 (1908) (Eleventh Amendment does not bar official capacity suits for prospective relief), the plaintiff need not satisfy the *Monell* standards.  The argument would be unfounded, because even under those circumstances *Monell*'s requirements apply.  *See, e.g., Norsworthy v. Beard*, 87 F. Supp. 3d 1104, 1113 (N.D. Cal. 2015) ("Defendants' argument that in this official-capacity action against state officials for injunctive relief, CDCR 'policy or custom' must have played a part in the violations is well taken.").

12147230.1 KE020-114

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

control.  *See Stones v. Los Angeles Community College Dist.*, 572 F. Supp. 1072, 1077-78 (C.D. Cal. 1983), *aff'd,* 796 F.2d 270 (9th Cir. 1986).

Here, Johnson's counts four and five in the FAC suggest the District violated Johnson's constitutional rights by promoting and complying with the DEIA regulations that became effective on April 26, 2023.  (FAC, ¶¶ 44, 58, 181-182.)  However, Johnson also clearly points out that the actions the Defendants have taken with respect to the DEIA regulations are in "compliance with Cal. Code Regs. tit. 5, §§ 51200, 51201, 53425, 53601, 53602, 53605, and the 'DEI Competencies and Criteria' issued per Cal. Code Regs. tit. 5, § 53601."  (FAC, ¶ 182.) Because the District must act in compliance with all state laws and regulations that govern California community colleges, the District has no alternative but to comply with mandatory components of the DEIA regulations to which the Johnson objects.  To the extent the State has required compliance by the District, the Defendants cannot be liable under Section 1983 as a matter of law.  *Sandoval,* 912 F.3d at 517-18.

Furthermore, Defendants alone lack the power or discretion to unilaterally refuse to enforce mandatory regulations against a particular individual.  Instead, that decision must come from the Board of Governors of the California Community Colleges, who is not a party to this lawsuit, because it is the body that promulgate the regulations Johnson challenges.  The Board of Governors is part of the State of California government and possesses the "duties, powers, purposes, responsibilities, and jurisdiction . . . vested in the State Board of Education . . . with respect to the management, administration, and control of the community colleges."  Cal. Ed. Code §§ 71000, 71024.  The Board of Governors also adopts regulations for the California Community Colleges.  Cal. Ed. Code § 70901.5.

Here, a judgment rendered in the absence of the Board of Governors would substantially prejudice Defendants, as they would be placed in a position where they are enjoined from enforcing a *mandatory* regulation against Johnson.  That prejudice cannot be lessened or avoided by an alternative remedy.  *Shermoen v. United States*, 982 F.2d 1312, 1320 (9th Cir. 1992).  The "essential nature and effect of the relief sought" by Johnson indicates the State is the "real, substantial party in interest" as the State, acting through the Board of Governors of Community

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

24

1   Colleges, adopted the regulations Johnson challenges.  *Id.*  In cases where the State is the real

2   party in interest and the effect of the relief would be "to restrain the Government from acting, or

3   to compel it to act," the relief may not be granted because it "impermissibly infringe[s] upon"

4   sovereign immunity.  *Id.*  Although Sonya Christian, Chancellor of the California Community

5   Colleges, is named in this case, Defendants respectfully submit that the Board of Governors,

6   responsible for the challenged regulations, must be named.  Otherwise, this Court should dismiss

7   the FAC.

8   **V.      CONCLUSION**

9         For all the foregoing reasons, Defendants respectfully ask the Court to dismiss Johnson's

10   First Amended Complaint.  Defendants ask that this Court dismiss the FAC without leave to

11   amend.

12

13   Dated:  August 29, 2023                          LIEBERT CASSIDY WHITMORE

14

15                                                 By:    */s/ David A. Urban*
                                                         Jesse J. Maddox
16                                                       David A. Urban
                                                         Jennifer R. Denny
17                                                       Morgan J. Johnson
                                                         Attorneys for Defendants STEVE
18                                                       WATKIN, RICHARD McCROW,
                                                         THOMAS BURKE, ROMEO
19                                                       AGBALOG, JOHN S. CORKINS,
                                                         KAY S. MEEK, KYLE CARTER,
20                                                       CHRISTINA SCRIVNER, NAN
                                                         GOMEZ-HEITZEBERG, and
21                                                       YOVANI JIMENEZ

22

23

24

25

26

27

28

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

Defendants' Motion to Dismiss First Amended Complaint

12147230.1 KE020-114