

September 8, 2023

The Hon. Christopher D. Baker
United States Magistrate Judge
510 19th Street, Suite 200
Bakersfield, CA 93301
*Via CM/ECF*

   Re: *Johnson v. Watkin*, *et al.*, Case no. 1:23-cv-00848-ADA-CDB

Dear Judge Baker:

  KCCD Board Policy 3050 requires faculty to "conduct [them]selves with civility in all circumstances of [their] professional lives" by refraining, inter alia, from "verbal forms of aggression . . . ridicule or intimidation," and by being "respectful of persons," which is fairly synonymous with "inoffensive." Various courts have held or suggested that similar language is unconstitutionally vague:[1]

- *Flores v. Bennett*, 635 F. Supp. 3d 1020 (E.D. Cal. 2022): court enjoined as vague a college's ban on posting "inappropriate and offense [sic]" flyers. *Id.* at 1027. "The terms 'offensive' and 'inappropriate' lack a commonly understood meaning such that students are left to guess what speech violates the Flyer Policy." *Id.* at 1042 (citation omitted).

- *Marshall v. Amuso*, 571 F. Supp. 3d 412 (E.D. Pa. 2021): court enjoined a "civility policy" and an overlapping speech code for public speakers as "vague because they are irreparably clothed in subjectivity. What may be considered 'irrelevant,' 'abusive,' 'offensive', 'intolerant,' 'inappropriate' or 'otherwise inappropriate' varies from speaker to speaker, and listener to listener." *Id.* at 424.

- *Doe v. Univ. of Mich.*, 721 F. Supp. 852 (E.D. Mich. 1989): court enjoined as vague a university prohibition on speech "that stigmatizes or victimizes an individual" based on protected characteristics, and that has certain effects. The terms "stigmatize" and "victimize" "are general and elude precise definition." *Id.* at 867. "Moreover, it is clear that the fact that a statement may victimize or stigmatize an individual" does not mean it loses First Amendment protection. *Id.* It was also unclear what speech would "threaten" or "interfere" with "academic efforts." *Id.*

---

[1] Courts have also enjoined such policies as viewpoint discrimination barred by the First Amendment. Count II challenges BP 3050 on those grounds, but consistent with this Court's request, this letter brief addresses only vagueness (Count III). *See Ison v. Madison Local Sch. Dist. Bd. of Ed.*, 3 F.4th 887, 897 (6th Cir. 2021) (not reaching vagueness challenge to "abusive" and "antagonistic" speech ban enjoined as viewpoint discrimination).

The Hon. Christopher D. Baker
Page Two

- *Beverly v. Watson*, No. 14-C-4970, 2017 U.S. Dist. LEXIS 160330 (N.D. Ill. Sept. 29, 2017): court denied defendant university's summary judgment motion against a vagueness and overbreadth challenge to a computer usage policy forbidding, inter alia, "communication which tends to embarrass or humiliate any member of the community." *Id.* at *23.

- *Westbrook v. Teton County Sch. Dist. No. 1*, 918 F. Supp. 1475 (D. Wyo. 1996): court enjoined as vague a school policy forbidding employees from criticizing each other. "'Criticism' is a complex and variable word. It can mean many things to many people. In fact, it can mean so many things to so many people that it is too vague for use in an enactment that regulates speech. Speech that is 'criticism' to some is not 'criticism' to others." *Id.* at 1490.

- *Coll. Republicans v. Reed*, 523 F. Supp. 2d 1005 (N.D. Cal. 2007): applying related overbreadth doctrine, court enjoined a university civility policy. "Being civil . . . suggests conforming to widely accepted norms and forms." *Id.* at 1018. "The First Amendment difficulty with this kind of mandate should be obvious: the requirement 'to be civil to one another' and the directive to eschew behaviors that are not consistent with 'good citizenship' reasonably can be understood as prohibiting the kind of communication that it is necessary to use to convey the full emotional power with which a speaker embraces her ideas or the intensity and richness of the feelings that attach her to her cause. Similarly, mandating civility could deprive speakers of the tools they most need to connect emotionally with their audience, to move their audience to share their passion." *Id.* at 1019.

- *Barron v. Kolenda*, 491 Mass. 408 (2023): Applying state constitution's First Amendment analogues, state supreme court enjoined a civility code providing that speech "must be respectful and courteous, free of rude, personal, or slanderous remarks." *Id.* at 418. "We conclude that it is so overbroad, so vague, and so subject to manipulation on its face that it is not salvageable or severable." *Id.* at 422 (citation omitted).

The policies enjoined in these cases either mandated "civility" or were described as doing so. The terms held vague in these cases are synonymous with, and functionally identical to, BP 3050's proscribed "aggression," "ridicule," and "intimidation," and its admonition to be "respectful." As the cases discuss, everyone has a different understanding of what such terms mean. And some people may find disfavored political views "uncivil" or take their expression as a personal attack.

                                                  Sincerely,

                                                  */s/ Alan Gura*
                                                  Alan Gura
                                                  Attorney for Plaintiff

CERTIFICATE OF SERVICE

       I hereby certify that on September 8, 2023, I electronically filed the foregoing with the Clerk using the Court's CM/ECF system, and that all participants in this case are registered CM/ECF users who have thereby been electronically served.

       I declare under penalty of perjury that the foregoing is true and correct.

       Executed on September 8, 2023.

       /s/ Alan Gura
       Alan Gura