**LCW LIEBERT CASSIDY WHITMORE**

6033 WEST CENTURY BOULEVARD, 5TH FLOOR
LOS ANGELES, CALIFORNIA 90045
T: 310.981.2000  F: 310.337.0837

durban@lcwlegal.com
310.981.2045

September 11, 2023

**VIA CM/ECF FILING**
The Honorable Christopher D. Baker
United States District Court Magistrate Judge
for the Eastern District of California
510 19th Street, Suite 200
Bakersfield, California  93301

> Re:  *Johnson v. Watkin,* Case No. 1:23-CV-00848-ADA-CDB
> Supplemental Authorities on Plaintiff's Facial Vagueness Challenge

To This Honorable Court:

This Letter Brief by the District Defendants provides, pursuant to the authorization of this Court, further case law refuting Plaintiff's facial vagueness challenge to the District's Board Policy 3050.  As a threshold matter, a governmental policy is unconstitutionally vague if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement."  *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18 (2010) (quotation omitted).  "In the public employment context, . . . standards are not void for vagueness as long as ordinary persons using ordinary common sense would be notified that certain conduct will" be covered.  *San Filippo v. Bongiovanni*, 961 F.2d 1125, 1136 (3d Cir. 1992).  When, as here, an enactment does not impose criminal penalties, due process tolerates a lesser degree of specificity than it would from a criminal statute.  *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc*., 455 U.S. 489, 498-99 (1982).  "[P]erfect clarity and precise guidance have never been required even of regulations that restrict expressive activity."  *United States v. Williams*, 553 U.S. 285, 304 (2007).

First, in *Keating v. Univ. of S.D*., 569 F. App'x 469 (8th Cir. 2014), the Eighth Circuit reversed the district court's finding that a University's "civility clause" was impermissibly vague.  The clause read: "Faculty members are responsible for discharging their instructional, scholarly and service duties civilly, constructively and in an informed manner. They must treat their colleagues, staff, students and visitors with respect, and they must comport themselves at all times, even when expressing disagreement or when engaging in pedagogical exercises, in ways that will preserve and strengthen the willingness to cooperate and to give or to accept instruction, guidance or assistance."  *Id.* at 470.  The Court noted that though the language is broad, "that alone does not necessarily prevent an ordinary person from recognizing that certain conduct will result in discharge or discipline."  *Id.* at 471.  The Court found that the civility clause articulated a comprehensive set of expectations that provided employees "meaningful notice of the conduct required by the policy."  *Id*.

Second, in *Sypniewski v. Warren Hills Reg'l Bd. of Educ.*, 307 F.3d 243 (3d Cir. 2002), the Court upheld a school's harassment policy prohibiting employees and students from "racially harass[ing] or intimidat[ing] other student(s) or employee(s) by name calling, using racial or derogatory slurs, wearing or possession of items depicting or implying racial hatred or prejudice" and possessing written material that is "racially divisive" or that "creates hatred and ill will." *Id*. at 266.

Third, in *San Filippo v. Bongiovanni*, 961 F.2d 1125 (3d Cir. 1992), the Court upheld the following regulation defining adequate cause for dismissal: "failure to maintain standards of sound scholarship and competent teaching, or gross neglect of established University obligations appropriate to the appointment . . . ." *Id*. at 1137.

Fourth, in *Doe v. Fairfax Cty. Sch. Bd.*, 384 F. Supp. 3d 598 (E.D. Va. 2019), the Court found that a school's sexual harassment policy prohibiting "verbal . . . conduct of a sexual nature that creates an . . . offensive environment" was not unconstitutionally vague. *Id*. at 611.

Fifth, in *Seidman v. Paradise Valley Unified Sch. Dist. No. 69*, 327 F. Supp. 2d 1098 (D. Ariz. 2004), the Court found a school district's unwritten policy requiring exclusion of any and all messages of a "controversial" nature was not unconstitutionally vague. *Id*. at 1117.

Sixth, in *Fowler v. Bd. of Educ. of Lincoln Cty., Ky.*, 819 F.2d 657 (6th Cir. 1987), the Court found a statute proscribing "conduct unbecoming a teacher" was not unconstitutionally vague as applied to a teacher who permitted what the district regarded as an age-inappropriate film to be shown to a group of high school students. *Id*. at 665.

Seventh, in *Crooks v. Mabus*, 845 F.3d 412 (D.C. Cir. 2016), the Court upheld the Navy's continued certification standard for its Junior Reserve Officers' Training Corps instructors, which allowed the Navy to revoke certification if it determined that the person's "continued certification . . . is not in the best interests of the program." *Id*. at 417.

                LIEBERT CASSIDY WHITMORE

                */s/ David A. Urban*

                David A. Urban
                Counsel for the District Defendants

# PROOF OF SERVICE

I am a citizen of the United States and resident of the State of California. I am employed in Los Angeles, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years and not a party to the within action.

On **September 11, 2023,** I served the foregoing document(s) described as **LETTER BRIED RE SUPPLEMENTAL AUTHORITIES ON VAGUENESS CHALLENGE** in the manner checked below on all interested parties in this action addressed as follows:

| Alan Gura<br>Courtney Corbello (PHV)<br>Endel Kolde (PHV)<br>INSTITUTE FOR FREE SPEECH<br>1150 Connecticut Ave., N.W., Ste 801<br>Washington, DC 20036<br>Email:   agura@ifs.org<br>            ccorbello@ifs.org<br>            dkolde@ifs.org<br><br>*Attorneys for Plaintiff Daymon Johnson* | Jay C. Russell<br>Jane E. Reilley<br>CALIFORNIA ATTORNEY GENERAL<br>455 Golden Gate Ave., Ste. 11000<br>San Francisco, CA 94102-7004<br>Email: Jay.russell@doj.ca.gov<br>            Jane.reilley@doj.ca.gov<br>            docketingSFCLS@doj.ca.gov<br><br>*Attorneys for Defendant Sonya Christian in her official capacity as Chancellor of the California Community Colleges* |

☐ **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY FACSIMILE)** I am personally and readily familiar with the business practice of Liebert Cassidy Whitmore for collection and processing of document(s) to be transmitted by facsimile. I arranged for the above-entitled document(s) to be sent by facsimile from facsimile number 310.337.0837 to the facsimile number(s) listed above. The facsimile machine I used complied with the applicable rules of court. Pursuant to the applicable rules, I caused the machine to print a transmission record of the transmission, to the above facsimile number(s) and no error was reported by the machine. A copy of this transmission is attached hereto.

☐ **(BY OVERNIGHT MAIL)** By overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service, FedEx, for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

☑ **(BY ELECTRONIC SERVICE)** By electronically mailing a true and correct copy through Liebert Cassidy Whitmore's electronic mail system from bprater@lcwlegal.com to the email address(es) set forth above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(BY PERSONAL DELIVERY)** I delivered the above document(s) by hand to the addressee listed above.

Executed on **September 11, 2023**, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Beverly Prater*
Beverly T. Prater