Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
David A. Urban, Bar No. 159633
durban@lcwlegal.com
Olga Y. Bryan, Bar No. 298969
obryan@lcwlegal.com
Morgan Johnson, Bar No. 345620
mjohnson@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704
Telephone:    559.256.7800
Facsimile:    559.449.4535

Attorneys for Defendants STEVE WATKIN; et al.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - BAKERSFIELD

| | |
|---|---|
| DAYMON JOHNSON,<br><br>               Plaintiff,<br><br>   v.<br><br>STEVE WATKIN, in his official capacity as Interim President, Bakersfield College; et al.;,<br><br>               Defendants. | Case No.:  1:23-cv-00848 ADA-CDB<br><br>Complaint Filed: June 1, 2023<br>FAC Filed: July 6, 2023<br><br>**OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION AS TO THE DISTRICT DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6)** |

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1

Objections to Magistrate Judge's Findings and Recommendation

12247458.6 KE020-114

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................................6

II. FACTUAL BACKGROUND .........................................................................................6

III. STANDARD OF REVIEW FOR MAGISTRATE JUDGE'S RECOMMENDATION ...................................................................................................6

IV. THE RECOMMENDATION ON THE DISTRICT DEFENDANTS' MOTION TO DISMISS SHOULD BE REJECTED.............................................................................7

    A. THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE JOHNSON LACKS STANDING............................................................7

    B. AS TO THE DEIA REGULATIONS, THE DISTRICT DEFENDANTS CANNOT BE LIABLE UNDER 42 U.S.C. SECTION 1983 FOR FOLLOWING A MANDATORY STATE LAW ..............................................................................................................................9

V. CONCLUSION..............................................................................................................13

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Aliser v. SEIU California*,
   419 F. Supp. 3d 1161 (N.D. Cal. 2019) ...........................................................................9

*Babbitt v. Farm Workers,*
   442 U.S. 289 (1979) ..........................................................................................................8

*Bethesda Lutheran Homes & Servs., Inc. v. Leean,*
   154 F.3d 716 (7th Cir. 1998) .........................................................................................13

*Evers v. County of Custer*
   745 F.2d 1196, 1203 (9th Cir. 1984) .......................................................................10, 13

*Ex Parte Young.  Norsworthy v. Beard,*
   87 F. Supp. 3d 1104 (N.D. Cal. 2015) ...........................................................................11

*FTR Int'l, Inc. v. Bd. of Trustees of the Los Angeles Cmty. Coll. Dist.,*
   2015 WL 1577128 (Cal. Ct. App. Apr. 7, 2015) ...........................................................11

*Gomez v. Vernon,*
   255 F.3d 1118 (9th Cir. 2001) ..................................................................................11, 12

*Jordan v. Plaff,*
   2023 U.S. Dist. LEXIS 114002 (C.D. Cal. June 30, 2023) .........................................10

*Kentucky v. Graham*,
   473 U.S. 159 (1985) ........................................................................................................12

*Kentucky v. Graham,*
   473 U.S. 159 (1985) ........................................................................................................11

*Lopez v. Candaele*,
   630 F.3d 775 (9th Cir. 2010) ..........................................................................................8

*Los Angeles Cnty., Cal. v. Humphries,*
   562 U.S. 29 (2010) ..........................................................................................................11

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ..........................................................................................................7

*Mitchell v. Los Angeles Community College District*,
   861 F.3d 198 (9th Cir. 1988) ........................................................................................10

*Monell v. Dep't of Soc. Servs. of City of New York*
   436 U.S. 658, 690 (1978) ...............................................................................................10

*Monell v. Dep't of Soc. Servs. of City of New York,*
   *436 U.S. 658 (1978)* .........................................................................................................9

*Ness v. Comm'r*,
    954 F.2d 1495 (9th Cir. 1992) ...........................................................................................7

*Newman v. San Joaquin Delta Community College District*,
    814 F. Supp. 2d 967 (E.D. Cal. 2011)...............................................................................12

*Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*,
    725 F.2d 537 (9th Cir. 1984) .............................................................................................7

*Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*,
    445 F. Supp. 3d 695 (C.D. Cal. 2020) ..............................................................................10

*Ray v. Cty. of Los Angeles*,
    935 F.3d 703 (9th Cir. 2019) ............................................................................................10

*Rumsfeld v. Forum for Academic & Institutional Rights, Inc.*,
    547 U.S. 47 (2006)..............................................................................................................9

*Sandoval v. Cty. of Sonoma*,
    912 F.3d 509 (9th Cir. 2018) ............................................................................................13

*Susan B. Anthony List v. Driehaus ("SBA List")*,
    573 U.S. 149 (2014)............................................................................................................7

*Taylor v. Tennessee*,
    2020 WL 89698 (W.D. Tenn. Jan. 7, 2020) ....................................................................11

*United Data Servs., LLC v. FTC*,
    39 F.4th 1200 (9th Cir. 2022) .......................................................................................8, 9

*Villegas v. Gilroy Garlic Festival Ass'n*,
    541 F.3d 950, 957 (9th Cir. 2008) ..............................................................................10, 13

*Vives v. City of New York*,
    524 F.3d 346 (2d Cir. 2008).......................................................................................10, 13

*Wilson v. Maricopa Cmty. Coll. Dist.*,
    699 F. App'x 771 (9th Cir. 2017).....................................................................................12

**Federal Statutes**

28 U.S.C. § 636(b)(1)..................................................................................................................7

42 U.S.C. § 1983........................................................................................................................10

**State Statutes**

California Education Code § 87732............................................................................................7

California Education Code § 87735............................................................................................7

 **Federal Rules**

Federal Rule Civil Procedure 72(b)(3) .......................................................................................7

Local Rule 304(f) ................................................................................................................7

## I. INTRODUCTION

The Magistrate Judge's Findings and Recommendation (ECF No. 70, "Recommendation") provide for denial of the Defendants' Motions to Dismiss the First Amended Complaint filed by Plaintiff Daymon Johnson ("Johnson"), a professor in the Social Sciences Department at Bakersfield College. Johnson seeks declaratory and injunctive relief against each member of the Board of Trustees of the Kern Community College District (the "District"), and officials of the District and the College. He does so through pre-enforcement challenges to California Education Code sections on discipline of community college faculty, to the District's Board Policy 3050 relating to civility ("BP 3050"), and to the new statewide Diversity, Equity, Inclusion, and Accessibility ("DEIA") regulations of the State Chancellor's Office, which recently became effective. The First Amended Complaint also seeks injunctive relief applicable to the State Chancellor of the Community Colleges, Sonya Christian, whose office has been responsible for developing the DEIA regulations over the last several years.

This Court, considering this matter *de novo*, should grant the Defendants' Motion to Dismiss. First, Johnson has not and cannot establish standing to bring his pre-enforcement challenges. Second, as to the DEIA regulations in particular, Johnson has not alleged sufficient facts to establish liability against the District Defendants in their official capacity. Johnson admits that the District is simply complying with state regulations, which should not subject the District Defendants to liability or attorneys' fees. The District Defendants object to the proposed decision in the Recommendation to deny the District Defendants' Motion to Dismiss.[1]

## II. FACTUAL BACKGROUND

The District Defendants respectfully refer this Court to the Factual Background of their Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 44, pp. 10-12).

## III. STANDARD OF REVIEW FOR MAGISTRATE JUDGE'S RECOMMENDATION

In reviewing a Magistrate Judge's findings and recommendations on a motion to dismiss,

---

[1] The District Defendants also object to the recommended decision in the Recommendation to grant, in part, Johnson's Motion for Preliminary Injunction. The District Defendants respectfully incorporate herein each of the objections in the concurrently filed Objections to the Magistrate's Recommendation on Johnson's Motion for Preliminary Injunction.

a District Court Judge must make a *de novo* determination of any portion of a Magistrate Judge's recommended disposition to which a timely objection is filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 304(f).  *De novo* review means the Court must consider the matter anew, as if no decision previously had been rendered, and come to its own conclusion about those portions of the Magistrate Judge's recommendation to which objection is made.  *Ness v. Comm'r*, 954 F.2d 1495, 1497 (9th Cir. 1992).  The District Court Judge is free to substitute his or her own view for that of the Magistrate Judge without making any threshold finding.  *Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*, 725 F.2d 537, 546 (9th Cir. 1984).

## IV. THE RECOMMENDATION ON THE DISTRICT DEFENDANTS' MOTION TO DISMISS SHOULD BE REJECTED

### A. THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE JOHNSON LACKS STANDING

*The District Defendants object to the Recommendation's conclusion that Johnson has standing to bring a pre-enforcement challenge to sections 87732 and 87735 or BP 3050.*

*(ECF No. 70 at p. 19:24-20:13.)*

As explained in the concurrently filed Objections to the Magistrate Judge's Recommendation on Johnson's Motion for Preliminary Injunction, and established in Defendants' Motion to Dismiss (ECF No. 44), Johnson fails to establish any "injury in fact" necessary to confer Article III standing for bringing a pre-enforcement challenge to California Education Code, sections 87732 and 87735[2] or BP 3050.  *Susan B. Anthony List v. Driehaus ("SBA List")*, 573 U.S. 149, 157-58 (2014).  This is fatal to his claims.

Plaintiffs bringing a pre-enforcement challenge must still satisfy all three elements of standing: "(1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury will be redressed by a favorable decision.'"  *SBA List,* 573 U.S. at 157-58.  A sufficient injury must be "concrete and particularized" and "actual or imminent," not "conjectural" or "hypothetical."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

---

[2] Unless specified otherwise, all future statutory citations refer to the California Education Code.

In the pre-enforcement context, the "injury in fact" element of standing requires a plaintiff to show they possesses "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Babbitt v. Farm Workers,* 442 U.S. 289, 299 (1979).  The Ninth Circuit has established a three-factor test to determine whether plaintiffs have shown a "credible threat" of "imminent" enforcement: "[1] whether the plaintiffs have articulated a concrete plan to violate the law in question, [2] whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and [3] the history of past prosecution or enforcement under the challenged statute." *United Data Servs., LLC v. FTC,* 39 F.4th 1200, 1210 (9th Cir. 2022). Where plaintiffs cannot make this showing, they fail to show injury in fact to support standing. *Lopez v. Candaele*, 630 F.3d 775, 792 (9th Cir. 2010).

None of the three factors weighs in Johnson's favor.  *See United Data*, 39 F.4th at 1210. First, Johnson's "concrete plan" to violate sections 87732 and 87735 or BP 3050 is to teach certain texts in future courses.  But Johnson offers no explanation how his instruction would violate the regulations at issue.  Neither the Recommendation nor the First Amended Complaint (nor Johnson's Declaration in support of his Motion for Preliminary Injunction for that matter) identifies any other speech or conduct Johnson plans to engage in that the District could conclude is inconsistent with sections 87732 and 87735 or BP 3050.  Second, Johnson failed to identify any specific threat by the District that it will enforce sections 87732 and 87735 or BP 3050 against him.  The District's statement that it "will investigate any further complaints of harassment and bullying" and take appropriate remedial action is not a threat at all.  Even if it were construed as a "general threat" of enforcement, that is insufficient to confer standing.  Third, Plaintiff did not show a history of past prosecution or enforcement by comparing his situation to that of Matthew Garrett, who was terminated from the District.  The conduct for which Garrett was disciplined is of such a different nature, and to such a degree, that it is wholly irrelevant in considering the

/ / /

/ / /

/ / /

history of enforcement of sections 87732 and 87735 or BP 3050.[3]  Together, these three factors confirm that Johnson cannot establish an imminent future injury sufficient to confer standing. Thus, the District Defendants' Motion to Dismiss should be granted.  *See United Data Servs.*, 39 F.4th at 1211.

### B. AS TO THE DEIA REGULATIONS, THE DISTRICT DEFENDANTS CANNOT BE LIABLE UNDER 42 U.S.C. SECTION 1983 FOR FOLLOWING A MANDATORY STATE LAW

*The District Defendants object to the Recommendation's conclusion that* <u>Monell v. Dep't of Soc. Servs. of City of New York</u>*, 436 U.S. 658 (1978) is inapplicable in this case. (ECF No. 70 at p. 27:25-26; 40:24-25; 41:8; 41:25-46:2.)*

The District Defendants and Plaintiff have sharply disputed whether the agency liability standards from *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), apply to this case, and the Magistrate Judge has sided with Plaintiff.  The District Defendants object to the Magistrate Judge's interpretation of the law and take the position that the *Monell* standards do apply for the reasons stated in the briefing on the Motion for Preliminary Injunction and the Motion to Dismiss.  The District Defendants provide an abbreviated discussion here.

The import of *Monell* applying in this case is, first, that case law interpreting its standards provides that local agencies and their officials, sued in the official capacity, cannot be liable under 42 U.S.C. section 1983 for following mandatory state law.  As the Court in *Aliser v. SEIU California*, 419 F. Supp. 3d 1161, 1165 (N.D. Cal. 2019), described, "[w]hen a municipality

---

[3] District Defendants disagree that Garrett was punished for "pure political speech."  The Recommendation concludes that it "appears" he was, without any analysis.  (ECF No. 70 at 19:12-13.)  Garrett's Notice of Termination repeatedly states that Garrett's comments were "demonstrably false," which violates BP 3050's prohibition against "dishonest practices, such as lying, stealing, plagiarizing, cheating, or deliberate misrepresentation of self, program, or information" and is cause for discipline under section 87732, subdivision (b), "[d]ishonesty."  (ECF Nos. 26-10 and 42-1 at pp. 23-25.)  The Notice also charges Garrett with abusing the EthicsPoint incident management system with 36 baseless complaints, 23 of which required third-party investigation.  (ECF No. 26-10.)  This violated BP 3050's prohibition against misappropriating District resources for personal or group gain and is cause for discipline under section 87732, subdivision (a), "[i]mmoral or unprofessional conduct."  (*See* ECF No. 42-1 at pp. 23-25.)  The District has grounds to discipline for this type of disruptive conduct, regardless of the content of the accusations or if the conduct implicated speech.  *Rumsfeld v. Forum for Academic & Institutional Rights, Inc.,* 547 U.S. 47, 62 (2006) ("[I]t has never been deemed an abridgment of freedom of speech . . . to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed").

exercises no discretion and merely complies with a mandatory state law, the constitutional violation was not caused by an official policy of the municipality." *Id.* (citing *Vives v. City of New York*, 524 F.3d 346, 353 (2d Cir. 2008); *Evers v. County of Custer*, 745 F.2d 1196, 1203 (9th Cir. 1984); *Sandoval v. County of Sonoma*, 912 F.3d 509, 517 (9th Cir. 2018)); *Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*, 445 F. Supp. 3d 695, 705-06 (C.D. Cal. 2020) (same); *see also Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 957 (9th Cir. 2008) (describing that, for section 1983 liability, "there must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation").[4]  That means that in this case, none of the District Defendants can be liable for implementing the challenged DEIA regulations, to the extent they impose mandatory requirements.  Hence, they cannot be subject to any preliminary injunction as to them.  Nor can the District Defendants be found liable for any custom or policy or alleged final policy maker decision as to the DEIA regulations, because how the District will choose to implement the regulations is not part of the record.  This straightforward analysis defeats requested relief as to the part of the case involving the DEIA regulations.

The Recommendation rejects this analysis.  (ECF No. 70 at 44.)  But each basis for doing so is flawed and should not be adopted by this Court.

First, the Recommendation takes the position that the District is a state rather than local agency, and therefore the *Monell* pleading and proof standards do not apply.  (ECF No. 70 at 27-28, 40-41.)  This is not the case, however.  The cited case law described that a California community college district is an "arm of the state" for the purpose of whether the district can invoke the Eleventh Amendment.  *Mitchell v. Los Angeles Community College District*, 861 F.3d 198 (9th Cir. 1988) (setting out five-factor test for whether an entity is an "arm of the state" for purposes of Eleventh Amendment immunity).  It is not a "state agency" for all purposes, including the circumstances under which it can be liable under 42 U.S.C. section 1983.  *Cf. Ray v. Cty. of Los Angeles*, 935 F.3d 703, 713 (9th Cir. 2019) ("When a non-state entity invokes

---

[4] The foregoing standards apply to a municipality's liability under 42 U.S.C. section 1983 as governed by *Monell*, 436 U.S. at 690.  These standards apply as well to individuals sued in their official capacity for injunctive or declaratory relief under Section 1983.  *E.g., Jordan v. Plaff,* 2023 U.S. Dist. LEXIS 114002, at *12-13 (C.D. Cal. June 30, 2023).

Eleventh Amendment immunity, the most important factor for determining whether the entity is an arm of the state remains the state-treasury factor—that is, whether the state will be liable for a money judgment against the non-state entity.").

Further, case law supports that even if the District Defendants are considered "State" defendants sued for prospective relief under *Ex Parte Young*, 209 U.S. 123, 159-60 (1908), (holding Eleventh Amendment does not bar official capacity suits for prospective relief), the plaintiff still needs to satisfy the *Monell* standards set out for government agency liability. Johnson could try to rely on *Monell*'s footnote 54, which states: "Our holding today is, of course, limited to local government units which are not considered part of the State for Eleventh Amendment purposes." *Monell*, 436 U.S. at 691 n. 54. But the footnote means only that the *Monell* Court did not intend that its holding (rendering municipalities liable under Section 1983) would override Eleventh Amendment immunity for State entities so as to make them liable. Once the Eleventh Amendment immunity is gone or bypassed, as it is for officials sued under *Ex Parte Young*, then *Monell* requirements must necessarily apply for the agency in question to be liable. Otherwise those state agencies would have the type of respondent superior liability under Section 1983 that *Monell* found Congress did not intend. *See Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29, 31, 26-37 (2010) (plaintiffs suing officers of agency in their official capacities for prospective injunctive relief must satisfy *Monell* standards, regardless of the form of the relief sought). Indeed, Courts have applied the *Monell* requirements in the context of *Ex Parte Young*. *Norsworthy v. Beard*, 87 F. Supp. 3d 1104, 1113 (N.D. Cal. 2015) ("Defendants' argument that in this official-capacity action against state officials for injunctive relief, CDCR "policy or custom" must have played a part in the violations is well taken."); *Taylor v. Tennesse*, 2020 U.S. Dist. LEXIS 2208, at *5 (W.D. Tenn. Jan. 7, 2020); *FTR Int'l, Inc. v. Bd. of Trs. of the L.A. Cmty. Coll. Dist.*, 2015 Cal. App. Unpub. LEXIS 2396, at *20-21 (Apr. 7, 2015) (unpublished) (dictum); *see also Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) (holding without mentioning *Ex Parte Young* that Idaho Department of Corrections administrators sued for injunctive relief were "liable in their official capacities only if policy or custom played a part in the violation of federal law."); *Kentucky v. Graham*, 473 U.S. 159, 167 (1985) ("Thus,

implementation of state policy or custom may be reached in federal court only because official-capacity actions for prospective relief are not treated as actions against the State.").[5]

In any event, the Magistrate Judge's Recommendation acknowledges that even for purely state actors sued in their official capacity, case law imposes *Monell*-type liability requirements for 42 U.S.C. section 1983 claims: "Notwithstanding *Monell*'s inapplicability to this action, it is the case that, to maintain an official capacity suit against state officials, the plaintiff must allege that a policy or custom of the government entity of which the official is an agent was the 'moving force' behind the violation claimed." (ECF No. 70 at 41 (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001)).) These require an official to make a decision or the policy of practice. The standards, just as for *Monell*, cannot be satisfied when an individual is accused of complying with the law. There can be no 42 U.S.C. section 1983 liability under those circumstances, and here, each claim for relief rests on 42 U.S.C. section 1983. Accordingly, the Motion to Dismiss should be granted.

The Recommendation takes the position that case law does not actually support the rule against liability for complying with state laws. The Magistrate Judge finds the Ninth Circuit's *Sandoval* case to be the only one cited on this issue, and to be distinguishable. (ECF No. 70 at 41-42.) *Sandoval* stands for the proposition that relying on mandatory state regulations cannot give rise to *Monell* liability. The *Sandoval* opinion appears to take this as a given, *see Sandoval*, 912 F.3d at 517-18. In *Sandoval*, however, the rule was not dispositive because the automobile state impound law at issue, the Ninth Circuit found, had been misinterpreted in its application by the government defendants. *Id.* The law did not require the 30-day impound that defendants actually imposed on certain drivers without licenses. *Id.* The Ninth Circuit thus did not have to determine whether *Monell* liability was precluded in that instance, meaning it did not go on to the next step of finding out whether the policy was discretionary or not. A state law that afforded

---

[5] Courts in this Circuit have required community college districts to satisfy *Monell* standards. In *Wilson v. Maricopa Cmty. Coll. Dist.*, 699 F. App'x 771 (9th Cir. 2017), the Ninth Circuit affirmed summary judgment on the plaintiff's Section 1981 claim because there was no triable issue "as to whether her constitutional rights were violated as a result of an official policy, practice, or custom of the Maricopa Community College District." *Id.* at 772. In *Newman v. San Joaquin Delta Community College District*, 814 F. Supp. 2d 967, 978 (E.D. Cal. 2011), the court denied summary judgment to the defendant college on a *Monell* claim for failure to train officers, in part because there was no stated policy. *Id.* at 978.

discretion in application rather than being mandatory could in fact give rise to *Monell* liability. *Id.* at 518 (citing *Evers v. County of Custer*, 745 F.2d 1196, 1203 (9th Cir. 1984)). The Ninth Circuit did not question that a mandatory state law would preclude 42 U.S.C. section 1983 liability under *Monell*, and the decision supports this interpretation. *Id.* at 517-18. District Court decisions in this Circuit provide support as well, and one in particular, *Aliser* (referenced above), cites *Sandoval* for the proposition. *See Aliser*, 419 F. Supp. 3d at 1165 (citing *Vives*, 524 F.3d at 353); *Evers*, 745 F.2d at 1203; *Sandoval*, 912 F.3d at 517); *Quezambra*, 445 F. Supp. 3d at 705-06; *see also Villegas*, 541 F.3d at 957.

Finally, the Recommendation takes the position that the DEIA regulations are not just mandatory, but instead the District Defendants must supposedly exercise some discretion in implementing them. (ECF No. 70 at 41.) This position has the dispositive flaw, however, that the record contains no evidence of how the District Defendants have interpreted the regulations. Also, by the regulations' plain terms, the District Defendants lack the ability to refuse to adopt or enforce them at all, and thus cannot be held liable for them under 42 U.S.C. section 1983. *E.g., Aliser*, 419 F. Supp. 3d at 1165; *Bethesda Lutheran Homes & Servs., Inc. v. Leean*, 154 F.3d 716, 718 (7th Cir. 1998) ("When the municipality is acting under compulsion of state or federal law, it is the policy contained in that state or federal law, rather than anything devised or adopted by the municipality, that is responsible for the injury.").

## V. CONCLUSION

Based on the foregoing, and the reasons set forth in their moving papers, the District Defendants ask that this Court grant their Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Dated: November 28, 2023

Respectfully submitted,

LIEBERT CASSIDY WHITMORE

By: <u>*/s/ David A. Urban*</u>
    Jesse J. Maddox
    David A. Urban
    Olga Y. Bryan
    Morgan Johnson
    Attorneys for Defendants STEVE WATKIN; et al.