INSTITUTE FOR FREE SPEECH
Alan Gura, SBN 178221
      agura@ifs.org
Courtney Corbello, admitted pro hac vice
      ccorbello@ifs.org
Endel Kolde, admitted pro hac vice
      dkolde@ifs.org
1150 Connecticut Avenue, N.W., Suite 801
Washington, DC 20036
Phone: 202.967.0007
Fax:    202.301.3399

Attorneys for Plaintiff Daymon Johnson

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYMON JOHNSON,<br><br>    *Plaintiff*,<br><br>    v.<br><br>STEVE WATKIN, et al.,<br><br>    *Defendants*. | Case No.: 1:23-cv-00848-KES-CDB<br><br>MOTION FOR ADMINISTRATIVE RELIEF [LOCAL RULE 233] |

Pursuant to Local Rule 233, Plaintiff Daymon Johnson respectfully moves this Court to expedite and set a near date-certain (preferably within the next 14 days) for the decision of his motion for a preliminary injunction filed **JULY 20, 2023**, Dkt. 26, which the Magistrate Judge recommended be mostly granted on **NOVEMBER 14, 2023**, Dkt. 70. The parties have met and conferred over this motion via email. Defendants oppose it.

INTRODUCTION

Plaintiff Bakersfield College professor Daymon Johnson alleges that his employer treats dissenting political speech as a firing offense, and that state regulations require him to conform to a political ideology he rejects as a condition of employment, in violation of his First Amendment rights. Professor Johnson's motion for preliminary injunction, seeking protection for his freedom to speak, and not to speak, according to his conscience, has been pending for nearly a year. Indeed, *half a year* has passed since the Magistrate Judge—having "committed to issuing findings and

1  recommendations timely," in "weeks, not . . . months," T. at 73:8-10 (Sept. 7, 2023)—issued a
2  carefully considered 44-page report and recommendation that the motion be almost entirely granted.
3       Defendants evaluate Professor Johnson's employment performance every three years.
4  Johnson filed his motion before his current review period began with this academic year, so that he
5  could teach and speak without later discovering that his dissenting views have cost him his job.
6  Now the 2023-2024 academic year is over—a full third of Johnson's review period—with no relief
7  from this Court, or even an appealable order.
8       All this time, Professor Johnson has had to hold his tongue. He refrains from speaking
9  according to his conscience because his government employer has a demonstrated record of
10 terminating faculty for expressing dissenting political views, and he has already suffered through
11 one investigation for his private political speech, which ended with veiled threats of continuing
12 investigations into his expression.
13      Professor Johnson appreciates that this Court faces many urgent demands for its time. But
14 his case is not least among them. Especially considering that the report and recommendation has
15 been pending in this case since November, with objections and replies by all parties concluded for
16 over five months, and considering further that this case presents only questions of law that will
17 ultimately be decided on appeal, Johnson respectfully requests that the Court set a near date certain
18 for the decision of his motion, preferably within the next 14 days. Any additional delays will
19 jeopardize Johnson's ability to obtain any relief before the conclusion of the second academic year
20 comprising his three-year review period.

21                          STATEMENT OF FACTS

22      Another full recitation of the facts is unnecessary for purposes of this motion. Plaintiff
23 Daymon Johnson is a Professor at Bakersfield College, a campus of the Kern Community College
24 District ("KCCD"), and a part of the state's community college system. Suffice it to say that the
25 political atmosphere at Bakersfield College is highly charged. Defendant KCCD trustees and school
26 officials have made no secret of their hostility to faculty who don't share their politics. Defendant
27 Corkins went so far as to publicly compare five percent of the faculty to defective cattle that should
28 be "cull[ed]" by being led by a rope "to the slaughterhouse." Dkt. 26-1 at 5.

The school investigated Johnson over his private political Facebook posts, and terminated Johnson's colleague, Prof. Matthew Garrett, largely for expressing dissenting political views that Johnson would also like to continue expressing. Johnson succeeded Garrett as the head of the Renegade Institute for Liberty ("RIFL"), a faculty group that generally opposes Defendants' political views. Defendants also terminated Garrett for using language that Johnson has used (e.g., referring to "cultural Marxism"), and for allowing RIFL Facebook posts that offended them. Some of the RIFL Facebook posts that Defendants attributed to Garrett were made by Johnson.

Moreover, California has adopted an official ideology of "diversity, equity, inclusion, and accessibility" ("DEIA"), including "anti-racism," for its community college system. Faculty "must have or establish proficiency in DEIA-related performance to teach, work, or lead within California community colleges." Cal. Code of Regs. tit. 5, § 53602(b); *see id.* § 53425 (faculty must comply with local DEIA policies to maintain employment). A broad-ranging set of "competencies and criteria" maintained by Defendant Chancellor Christian require faculty to incorporate DEIA and anti-racism ideology in their teaching, and in their personal and professional lives.[1]

Johnson's performance is evaluated every three years, with the previous three-year period concluded just prior to the filing of the preliminary injunction motion last July. Dkt. 26-2, ¶ 62. Johnson just completed the first of three academic years in which Defendants will evaluate his performance under the challenged rules.

PROCEDURAL HISTORY

Johnson first moved for a preliminary injunction on July 13, 2023. The Magistrate Judge denied the motion sua sponte without prejudice, for apparent lack of notice, and Johnson refiled his motion July 20, 2023.[2]

Johnson initially noticed his preliminary injunction motion for hearing on August 24. Although KCCD Defendants had earlier agreed to return an acknowledgment of service, they refused to do so and became incommunicative. Dkt. 25-1, ¶¶ 5-11. After service, Defendants

---

[1] Prior to becoming Chancellor of California Community Colleges, Defendant Christian served as Chancellor of KCCD, where she concurred in Garrett's termination.
[2] The Magistrate Judge lacked jurisdiction to decide the motion, a fact Defendants would later exploit. *See infra*.

asserted that they would dispute service for unspecified reasons. Defendants leveraged their service dispute into an extension of time on the preliminary injunction motion, reset for a hearing on September 7, 2023. Dkt. 31.

But notwithstanding their negotiation of, and agreement to, a hearing date on the Magistrate Judge's calendar, consent to the Magistrate Judge's jurisdiction proved elusive, necessitating the appointment of a District Judge and causing further delay. Judge de Alba, newly appointed to the case, referred the motion to Magistrate Judge Baker for findings and recommendation. Dkt. 38. Judge de Alba subsequently referred Defendants' motions to dismiss to Judge Baker for findings and recommendation as well. Dkt. 66.

Judge Baker heard argument on September 8, 2023, and issued his findings and recommendation on November 14, 2023. *See* Dkt. 70. Judge Baker recommended that Plaintiff's motion for a preliminary injunction be granted nearly in all respects, and that Defendants' motions to dismiss be denied. *Id.* at 43-44. All parties filed timely objections and replies.

The case is not otherwise moving. The Court has continued the scheduling conference four times, from an initial date of August 23 2024, Dkt. 5, to August 22, 2024, Dkt. 32, 68, 81, 84.

ARGUMENT

"[T]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *CTIA - The Wireless Ass'n v. City of Berkeley*, 928 F.3d 832, 851 (9th Cir. 2019) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). That is certainly the case here. Johnson has detailed in great length, in a 107-paragraph declaration spanning 29 pages, how he is refraining from speaking or is speaking differently because he fears for his job.

Congress and the courts agree that concerns should receive expedited consideration.

> [T]he court shall expedite the consideration of . . . any action for temporary or preliminary injunctive relief, or any other action if good cause therefor is shown. For purposes of this subsection, "good cause" is shown if a right under the Constitution of the United States . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit.

28 U.S.C. § 1657(a). The Ninth Circuit likewise provides for expedited briefing and consideration of preliminary injunction appeals, Ninth Cir. R. 3-3, in which automatic streamlined extensions of time are unavailable, Ninth Cir. R. 31-2.2(a).

Over eight months ago, Judge Baker noted that he may "have the largest docket of any magistrate judge in the country with over 450 cases that I manage, unfortunately," T. at 73:12-14, yet he promised and delivered a timely set of findings and recommendations reviewing the record and concluding that Professor Johnson should get relief. The purpose of the referral to Judge Baker was to aid this Court in efficiently resolving the motion, but his report and recommendation has remained unacted upon for some 190 days. Every day that passes further magnifies Plaintiff's injury.

Professor Johnson is constrained to respectfully ask that having now had the benefit of Judge Baker's findings and recommendations, and the parties' responses and replies to that report, this Court set a date-certain by which it will resolve the motion, preferably within the next 14 days. As this case involves contentious issues of law, either or both sides will probably appeal any such decision, potentially delaying Johnson's relief even further. It is imperative that this process start soon, so that Johnson has, at least, fair notice of the standards by which he will be evaluated during this current three-year review period, well underway.

## CONCLUSION

The motion should be granted, and a date certain be set for the decision of Professor Johnson's pending motion for a preliminary injunction.

Dated: May 22, 2024                    Respectfully submitted,

By:    /s/ Alan Gura
       Alan Gura (SBN 178221)
            agura@ifs.org
       Courtney Corbello, admitted pro hac vice
            ccorbello@ifs.org
       Endel Kolde, admitted pro hac vice
            dkolde@ifs.org
       INSTITUTE FOR FREE SPEECH
       1150 Connecticut Avenue, N.W., Suite 801
       Washington, DC 20036
       Phone: 202.967.0007 / Fax: 202.301.3399

       Attorneys for Plaintiff Daymon Johnson