Jesse J. Maddox, Bar No. 219091
jmaddox@lcwlegal.com
David A. Urban, Bar No. 159633
durban@lcwlegal.com
Olga Y. Bryan, Bar No. 298969
obryan@lcwlegal.com
Morgan Johnson, Bar No. 345620
mjohnson@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704
Telephone:	559.256.7800
Facsimile:	559.449.4535

Attorneys for Defendants STEVE WATKIN in his official capacity
as Interim President, Bakersfield College; et al.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - BAKERSFIELD

| | |
|---|---|
| DAYMON JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>STEVE WATKIN, in his official capacity as Interim President, Bakersfield College; et al.;,<br><br>        Defendants. | Case No.:  1:23-cv-00848 KES-CDB<br><br>Complaint Filed: June 1, 2023<br>FAC Filed: July 6, 2023<br><br>**THE DISTRICT DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF** |
Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1

Defendants' Memo of Points and Authorities - Opposition to Plaintiff's Motion for Administrative Relief
12462754.2 KE020-114

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this Motion, Plaintiff Daymon Johnson ("Plaintiff") seeks to have this Court expedite its ruling on the Motion for Preliminary Injunction. The District Defendants[1] oppose the Motion to the extent there are pending motions to dismiss by Defendants under Federal Rule of Civil Procedure 12(b)(6) as to all claims in Plaintiff's First Amended Complaint. Preliminary injunctive relief would be improper before those motions are decided. *See W.C. v. Rowland Unified Sch. Dist.*, 2017 WL 11509987, at *1 (C.D. Cal. June 15, 2017) (vacating preliminary injunction hearing based on dismissal of underlying complaint).

The District Defendants also oppose the instant Motion because no reason exists on the merits to expedite the decision on Plaintiff's request for a preliminary injunction. The passage of many months since Plaintiff filed the Motion, and corresponding altered circumstances, requires that the request be denied. This has been the case for some time, and this Court deciding this Motion now – or months from now – will make no difference. Plaintiff's Motion was filed on a rush basis in July 2023 to block implementation of the State's Diversity Equity Inclusion and Accessibility ("DEIA") regulations that would be effective in Fall 2023. It is now Spring of 2024, and those regulations have been implemented statewide for an entire academic year. There is no longer any exigency whatsoever to justify preliminary injunctive relief. This is not the fault of this Court, but of the unique circumstances that exist in the Eastern District of California, including a long period in which the Court had no choice but to assign "No Judge" to the instant case.

Even absent these circumstances, delay in any ruling in fall and winter of 2023 (necessary in any judicial process) was fatal to Plaintiff's preliminary injunction request, since the academic year was already well under way by the time the Magistrate Judge had ruled on the preliminary injunction request, and the parties had submitted their respective Objections to it. At the New Year of 2024, the DEIA regulations had already been in effect for months. This Administrative

---

[1] As described previously, the District Defendants include the following sued in their official capacities: Steve Watkin, Richard McCrow, Thomas Burke, Romeo Agbalog, John S. Corkins, Kay S. Meek, Kyle Carter, Christina Scrivner, Nan Gomez Heitzeberg, and Yovani Jimenez.

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

1 Motion should be denied, because it is clear by now that the preliminary injunction request by
2 Plaintiff should be denied.

## II. THE PRELIMINARY INJUNCTION REQUEST HERE HAS BECOME STALE AND SHOULD BE DENIED

A plaintiff seeking a preliminary injunction must establish that: (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The District Defendants have addressed these elements in their Objections to the Magistrate Judge's recommended ruling, but the passage of many months since that briefing in fall and winter 2023 has now made it so that the factors listed above tilt even further against preliminary injunctive relief. A preliminary injunction would come too late to stop what Plaintiff contends would constitute "irreparable harm," and the balance of equities clearly disfavors halting (particularly District-wide or state-wide) a process the District Defendants were required to implement by state law. Similarly, the public interest decisively precludes ruling on a preliminary injunction motion almost a year after it is filed, when the evidence and argument are stale. Any alleged irreparable harm would have already occurred (and has not), and a "preliminary" injunction is not the remedy to stop such speculative harm in the future.

With implementation of the State's DEIA regulations taking place all across the state, and subject to implementation for many months, issuance of a preliminary injunction now would not maintain the status quo – it would instead completely upend it. "Mandatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Anderson v. U.S.*, 612 F.2d 1112, 1114 (9th Cir. 1979) (quoting *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976)). Plaintiff here is not entitled to the "extraordinary" remedy of a preliminary injunction under these circumstances. *See Winter*, 555 U.S. at 31 ("A preliminary injunction is an extraordinary remedy never awarded as of right."). Courts acknowledge that the passage of time can require denial of a pending preliminary injunction request. *See Josephine*

Defendants' Memo of Points and Authorities - Opposition to Plaintiff's Motion for Administrative Relief
12462754.2 KE020-114

Liebert Cassidy Whitmore
A Professional Law Corporation
5250 North Palm Ave, Suite 310
Fresno, California 93704

*Cty. v. Watt*, 539 F. Supp. 696, 707 (N.D. Cal. 1982) (acknowledging how delay affects a court's ability to decide on a preliminary injunction; "The Court is aware that the combination of the press of business of this Court and the prolixity of the documents filed in connection with this motion have held this matter under submission for an extensive period of time" and "[a]s a result, some affidavits may be stale and outdated."); *CFTC v. Monex Credit Co.*, 2020 U.S. Dist. LEXIS 221777, *9-10 (C.D. Cal. 2020) (the long pendency of a preliminary injunction motion negatively affected the court's ability to grant the requested relief).

Indeed, as to enjoining enforcement of Board Policy 3050 on civility, Plaintiff himself unduly delayed even before making the instant preliminary injunction request in July 2023. *See Miller for and on behalf of N.L.R.B. v. Cal. Pac. Medic. Ctr.*, 991 F.2d 536, 544 (9th Cir. 1993) (a plaintiff's "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm"). Here, Plaintiff was accused by a colleague of bullying in September 2021, and an administrative determination (actually in Plaintiff's favor) issued in February 2022. (Declaration of Daymon Johnson filed July 20, 2023 [Doc. No. 26-1], ¶¶ 101-03, 105.) He filed this lawsuit well over a year afterward, claiming there is some type of exigency warranting preliminary injunctive relief. Soon, another year will have passed after Plaintiff filed this lawsuit and demanded a preliminary injunction. (Plaintiff may argue this just means he has suffered an unwarranted chilling effect from Board Policy 3050 this entire time, but this does not account for the more than a year that passed between the September 2021 bullying complaint that gave rise to his challenge and Plaintiff's bringing of this lawsuit. Also, even after he brought this lawsuit, Plaintiff has brought forth no further actual evidence of alleged inhibition in his teaching, expression, or academic life because of Board Policy 3050.) [2]

---

[2] Plaintiff's Motion for Administrative Relief makes some misstatements, and these are addressed in briefing the District Defendants have already filed with this Court. For example, Professor Matthew Garrett's termination notice placed in the record shows not that he was terminated "largely for expressing dissenting political views" (*see* Motion for Administrative Relief filed May 22, 2024 [Docket No. 85] ("Motion") at 3:1-3), but because of repeated misconduct, false complaints, and disruption of activities of Bakersfield College, among other things. (First Amended Complaint filed July 6, 2023, Exhibit G (Docket No. 8-8].) As to Trustee Corkins' statement about "cattle" (Motion at 2:26-28), the statement is taken out of context and Corkins in any event apologized for it. Moreover, Plaintiff's contention that Magistrate Judge Baker has "recommended that Plaintiff's motion for a preliminary injunction be granted in *nearly all* respects" (*id.* at 4:11-12) (emphasis added) is incorrect. The Magistrate Judge recommended a

## III. CONCLUSION

The standards for an expedited decision on the Motion for Preliminary Injunction are not met here, and accordingly the instant Motion for Administrative Relief should be denied. This Court should in any case deny the Motion for Preliminary Injunction not just because it lacks merit but because no exigency exists and circumstances have changed over time. The District Defendants also respectfully request that this Court rule on their pending Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), which addresses both the question of standing and the merits of Plaintiff's claims, and adjudicate all the claims in this lawsuit against Plaintiff.

Dated: May 28, 2024

LIEBERT CASSIDY WHITMORE

By: */s/ David A. Urban*
Jesse J. Maddox
David A. Urban
Olga Y. Bryan
Morgan Johnson
Attorneys for Defendants STEVE WATKIN in his official capacity as Interim President, Bakersfield College; et al.

---

preliminary injunction of much more limited scope than that Plaintiff sought. Plaintiff sought to have the preliminary injunction apply to the DEIA regulations on their face (i.e., District-wide and even State-wide), and the proposed preliminary injunction applies only to Plaintiff. (*See* Plaintiff's Objections to Findings and Recommendation filed November 28, 2023 [Docket No. 74], at 1, 6-10.)

Defendants' Memo of Points and Authorities - Opposition to Plaintiff's Motion for Administrative Relief
12462754.2 KE020-114