INSTITUTE FOR FREE SPEECH
Alan Gura, SBN 178221
    agura@ifs.org
Courtney Corbello, admitted pro hac vice
    ccorbello@ifs.org
Endel Kolde, admitted pro hac vice
    dkolde@ifs.org
1150 Connecticut Avenue, N.W., Suite 801
Washington, DC 20036
Phone: 202.967.0007
Fax:    202.301.3399

Attorneys for Plaintiff Daymon Johnson

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYMON JOHNSON,<br><br>*Plaintiff*,<br><br>v.<br><br>STEVE WATKIN, et al.,<br><br>*Defendants*. | Case No.: 1:23-cv-00848-KES-CDB<br><br>UNOPPOSED MOTION FOR ADMINISTRATIVE RELIEF [LOCAL RULE 233] |

Pursuant to Local Rule 233, Plaintiff Daymon Johnson respectfully moves this Court for an order administratively staying the case and extending the time to file a second amended complaint until thirty days after the issuance of the mandate in his interlocutory appeal.

Counsel met and conferred over this motion via email with Defendants' counsel, David Urban for the KCCD Defendants, and Anya Binsacca, Supervising Deputy Attorney General, for Defendant Christian. All Defendants agree to this relief.

PRELIMINARY STATEMENT

Although the parties dispute the substantive issues in this case, they agree that case should be decided efficiently, in a manner that avoids wasting scarce judicial and litigation resources. As Plaintiff has noticed an interlocutory appeal from the denial of his preliminary injunction motion, it

does not make much sense for the parties to litigate over an amended complaint in district court, all the while litigating the sufficiency of previous allegations in the court of appeals. Nor would it be a good use of this Court's limited time to process that litigation, while the Ninth Circuit's guidance, one way or another, would be forthcoming soon enough.

To preserve judicial and litigant resources, courts often stay further proceedings pending the outcome of interlocutory appeals. This case is now well-suited to this relief.

PROCEDURAL HISTORY

Plaintiff Bakersfield College professor Daymon Johnson alleges that KCCD treats dissenting political speech as a firing offense, and that state regulations that require him to conform to a political ideology as a condition of employment, in violation of his First Amendment rights.

On September 23, 2024, this Court denied Johnson's motion for a preliminary injunction, and granted Defendants' motion to dismiss, affording Johnson 45 days leave to file a second amended complaint. Johnson noticed an interlocutory appeal from the denial of his preliminary injunction motion later that same day.

ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Those interests now counsel staying further proceedings. It would be inefficient for the parties and the Court to file and litigate over an amended complaint before first obtaining the Ninth Circuit's guidance. An administrative stay would prejudice no one. But it would streamline the litigation and minimize the duplication of effort by the parties and the courts.

"'[A] division has been identified in this Circuit regarding the appropriate standard' to apply when determining whether to stay proceedings pending an interlocutory appeal of a district court order." *Flores v. Bennett*, 675 F. Supp. 3d 1052, 1057 (E.D. Cal. 2023) (quoting *Finder v. Leprino Foods Co.*, No. 1:13-cv-2059-AWI-BAM, 2017 U.S. Dist. LEXIS 8343, 2017 WL 1355104, at *2 (E.D. Cal. Jan. 20, 2017)). Some courts have applied the preliminary injunction factors of *Nken v. Holder*, 556 U.S. 418 (2009) when considering stays of proceedings, but most follow *Landis*.

Courts that applied *Nken* "did so without any discussion of the *Landis* standards." *Rico v. Beard*, No. 2:17-cv-1402-KJM-DB, 2019 U.S. Dist. LEXIS 148656, at *14 (E.D. Cal. Aug. 29, 2019) (citations omitted).

"Although the Ninth Circuit has not addressed this division, district courts that have directly confronted the question of whether the *Nken* test or the *Landis* test applies to stays of proceedings have overwhelmingly concluded that the *Landis* test or something similar governs." *Flores*, 675 F. Supp. 3d at 1057 (internal quotation marks omitted). "[T]he *Nken* test primarily applies when a party seeks to stay the effect of a judgment; whereas, *Landis* applies to guide courts deciding whether to stay proceedings." *Id.* (internal quotation marks omitted); *see also Wilhoite v. Xiaodi Hou*, No. 3:23-cv-02333-BEN-MSB, 2024 U.S. Dist. LEXIS 101207, at *11 (S.D. Cal. June 6, 2024).

Per *Landis*, district courts considering administrative stays weigh "(1) the possible damage of granting the stay; (2) the hardship or inequity on the movant by not granting the stay; [and] (3) the orderly course of justice." *Id.* at 1056-57 (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

All three factors point in one direction. There is no possible damage in granting the stay, as the defendants are not currently enjoined from doing anything. The hardship suffered not just by movant, but by all parties and the Court in the absence of a stay is plain: a great deal of litigation that could be upended or avoided by the Ninth Circuit's forthcoming decision. And this much ties closely to the third prong: the orderly course of justice.

When a case is stayed pending the resolution of other proceedings, "[t]he question is whether there is sufficient overlap between the proceedings that waiting for one to be resolved would work to simplify issues in the other or preserve judicial resources." *United States v. California*, No. 2:18-cv-00490-JAM-KJN, 2018 U.S. Dist. LEXIS 180132, at *13-*14 (E.D. Cal. Oct. 19, 2018) (citations omitted). "The question here is one of efficiency. While the court should certainly consider issues of fairness and prejudice as well, the point of a stay is avoiding potentially unnecessary work by all those involved." *Rico*, 2019 U.S. Dist. LEXIS 148656, at *16-*17. "Although the public always has an interest in the timely resolution of litigation, it also has an

interest in efficient and economical litigation. This is particularly apparent when a governmental entity is involved because public resources are often at stake." *Burgan v. Nixon*, No. CV 16-61-BLG-CSO, 2016 U.S. Dist. LEXIS 154323, at *15 (D. Mont. Nov. 7, 2016).

The governmental entities here have consented to the stay, and the efficiency-enhancing benefits of a stay under these circumstances is plain.

CONCLUSION

Plaintiff respectfully requests that the case be administratively stayed pending the outcome of his interlocutory appeal, and that the deadline to file a second amended complaint be extended to thirty days from the receipt of the Ninth Circuit's mandate in his pending interlocutory appeal.[1]

Dated: October 4, 2024            Respectfully submitted,

By:   /s/ Alan Gura
      Alan Gura (SBN 178221)
          agura@ifs.org
      Courtney Corbello, admitted pro hac vice
          ccorbello@ifs.org
      Endel Kolde, admitted pro hac vice
          dkolde@ifs.org
      INSTITUTE FOR FREE SPEECH
      1150 Connecticut Avenue, N.W., Suite 801
      Washington, DC 20036
      Phone: 202.967.0007 / Fax: 202.301.3399

      Attorneys for Plaintiff Daymon Johnson

---

[1] The parties may soon be providing notice regarding the succession and automatic substitution of official capacity defendants, per Fed. R. Civ. P. 25(d), but that would not impact the requested stay or course of proceedings.