**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAYMON JOHNSON, | No. 24-6008 |
| Plaintiff - Appellant, | D.C. No. 1:23-cv-00848-KES-CDB |
| v. | MEMORANDUM* |
| JERRY FLIGER, in his official capacity as President, Bakersfield College; SONYA CHRISTIAN, in her official capacity as Chancellor, California Community Colleges; ROMEO AGBALOG, in his official capacity as Trustee, Kern Community College District; JOHN S. CORKINS, in his official capacity as President, Kern Community College District Board of Trustees; KAY S. MEEK, in her official capacity as Trustee, Kern Community College District; KYLE CARTER, in his official capacity as Trustee, Kern Community College District; CHRISTINA SCRIVNER, in her official capacity as Trustee, Kern Community College District; NAN GOMEZ-HEITZEBERG, in her official capacity as Vice President, Kern Community College District Board of Trustees; YOVANI JIMENEZ, in his official capacity as Clerk, Kern Community College District Board of Trustees; RICHARD MCCROW, in his | |

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

official capacity as Dean of Instruction, Bakersfield College; STEVEN BLOOMBERG, in his official capacity as Chancellor, Kern Community College District,

        Defendants - Appellees.

Appeal from the United States District Court
for the Eastern District of California
Kirk Edward Sherriff, District Judge, Presiding

Argued and Submitted June 2, 2025
San Francisco, California

Before: CALLAHAN, BADE, and KOH, Circuit Judges.

Plaintiff-Appellant Daymon Johnson appeals the district court's denial of his motion for a preliminary injunction as moot and challenges the dismissal without prejudice of his first amended complaint on Article III standing grounds. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we exercise pendent appellate jurisdiction to consider whether Johnson has standing. *See Melendres v. Arpaio*, 695 F.3d 990, 996–97 (9th Cir. 2012). "Denial of a motion for a preliminary injunction is reviewed for abuse of discretion and the underlying legal principles de novo." *Int'l Franchise Ass'n, Inc. v. City of Seattle*, 803 F.3d 389, 398 (9th Cir. 2015). We affirm in part, reverse in part, and remand for further proceedings.[1]

---

[1] Johnson's motion to substitute parties under Fed. R. App. 43(c)(2), Dkt. 4, is granted. The Clerk is directed to update the case caption accordingly.

1. We reverse the district court's conclusion that Johnson lacks standing to sue Defendant-Appellant officials of the Kern Community College District (the District Defendants) under Cal. Code Regs. tit. 5, §§ 53602(b), 53605(a) and (c), and, to the extent it incorporates those regulations, Cal. Educ. Code § 87732(f). Johnson has sufficiently alleged "an intention to engage in a course of conduct arguably affected with a constitutional interest" under the First Amendment. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014) (citation omitted). His intended conduct is "arguably proscribed" by these provisions, *id.* at 162, because they directly regulate Johnson as an employee and faculty member of the Kern Community College District (KCCD). *See* Cal. Code Regs. tit. 5, §§ 53602(b), 53605(a), (c).

Johnson has also adequately alleged a "credible threat" of enforcement under these provisions. *Driehaus*, 573 U.S. at 159. Johnson has established a "'concrete plan' to violate the law" based on his allegations regarding his desired speech and his refusal to express support for diversity, equity, inclusion, and accessibility (DEIA) principles. *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc) (citation omitted); *see also Peace Ranch*, 93 F.4th at 488 (explaining that the "concept of 'intention' is more counterfactual than practical" and that courts "ask whether the plaintiff would have the intention to engage in the proscribed conduct, were it not proscribed"). And

importantly, the District Defendants have not disavowed enforcement. *Peace Ranch, LLC v. Bonta*, 93 F.4th 482, 490–91 (9th Cir. 2024) (explaining that whether a credible threat of enforcement exists "often rises or falls with the enforcing authority's willingness to disavow enforcement").

Johnson's allegations establishing a credible threat of enforcement are not defeated by the absence of a specific threat of enforcement by the District Defendants, *see Isaacson v. Mayes*, 84 F.4th 1089, 1100 (9th Cir. 2023), and the lack of a history of enforcement carries little weight because these regulations were enacted only months before Johnson filed suit, *see Tingley v. Ferguson*, 47 F.4th 1055, 1069 (9th Cir. 2022). Therefore, Johnson has alleged sufficient facts to establish standing to sue the District Defendants under Cal. Code Regs. tit. 5, §§ 53602(b), 53605(a) and (c), and Cal. Educ. Code § 87732(f), to the extent it incorporates those regulations.

2. We affirm the district court's conclusion that Johnson lacks standing to sue the District Defendants under the other statutes, regulations, and policies he challenges: Cal. Educ. Code §§ 87732 (except as stated above) and 87735; KCCD Board Policy 3050 (Policy 3050); Cal. Code Regs. tit. 5, §§ 51200, 51201, 53425, 53601, 53602(a) and (c), and 53605(b); and the Chancellor of the California Community Colleges' (CCC) DEIA Competencies and Criteria. These provisions do not "arguably proscribe[]" Johnson's intended conduct, and he faces no

"credible threat" of enforcement under them. *Driehaus*, 573 U.S. at 159, 162.

The prohibitions in Cal. Educ. Code §§ 87732 and 87735 against "[i]mmoral or unprofessional conduct," "[d]ishonesty," or "[u]nsatisfactory performance," as well as Policy 3050's prohibition against "aggression, threat, harassment, ridicule, or intimidation," do not apply to Johnson's intended political speech. Although KCCD disciplined and terminated Professor Matthew Garrett under these provisions, allegedly in part for speech similar to Johnson's intended speech, it is not clear that such speech, standing alone, would constitute a basis for disciplinary action. Garrett was disciplined and terminated for acts that Johnson does not intend to undertake, and the District Defendants disavowed enforcement of these provisions against Johnson for the intended conduct alleged in the first amended complaint. *See Peace Ranch*, 93 F.4th at 490–91.

The DEIA statement at Cal. Code Regs. tit. 5, §§ 51200 and 51201 is an unenforceable, aspirational policy statement that applies to the CCC system and its Board of Governors, not employees or faculty like Johnson. Similarly, §§ 53425, 53601, 53602(a) and (c), and 53605(b) require KCCD to implement local policies reflecting the DEIA principles that Johnson opposes, but the regulations do not apply to him directly. Moreover, Johnson fails to demonstrate that KCCD has enacted such local policies and thus fails to establish that his challenges to these regulations are ripe for review. *See Driehaus*, 573 U.S. at 157 n.5 (noting that

Article III standing and ripeness issues "boil down to the same question" (citation omitted)). Johnson's challenge to Cal. Educ. Code § 87735, which authorizes discipline of employees who violate "rules and regulations of the employing district" that Johnson does not identify, fails for the same reasons.

To the extent Johnson challenges the District Defendants' enforcement of the DEIA Competencies and Criteria—whether under Cal. Code Regs. tit. 5, § 53602(a) or otherwise—he lacks standing because the Competencies and Criteria are unenforceable "recommendations" to community college districts for the development of local policies.

3.   We affirm the district court's conclusion that Johnson lacks standing to sue Defendant-Appellant Sonya Christian, CCC Chancellor. Chancellor Christian lacks authority to enforce the challenged statutes, regulations, and policies against Johnson, and she disavows enforcement for that reason. *See Peace Ranch*, 93 F.4th at 490–91.

4.   We decline to decide whether Johnson is entitled to a preliminary injunction. *See Ecological Rts. Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1154 (9th Cir. 2000) ("Usually, an appellate court does not consider legal issues in the first instance but instead has the benefit of the district judge's initial analysis."). We instead remand for the district court to consider Johnson's motion for a preliminary injunction in the first instance.

**AFFIRMED in part, REVERSED in part, and REMANDED.**