UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAYMON JOHNSON,

                Plaintiff,

      v.

JERRY FLIGER, *et al.*,

                Defendants.

Case No. 1:23-cv-00848-KES-CDB

ORDER ON STIPULATED REQUEST TO STAY THE ACTION

(Doc. 123)

**May 18, 2026, Deadline**

ORDER CONTINUING APRIL 6, 2026, SCHEDULING CONFERENCE

(Doc. 122)

### Relevant Background

On February 20, 2026, the Court granted in part Plaintiff's motion for a preliminary injunction and denied Defendants' motion to dismiss. (Doc. 120). Defendants thereafter filed an answer to the first amended complaint on March 6, 2026. (Doc. 121). On March 9, 2026, the Court set a scheduling conference for April 6, 2026. (Doc. 122).

Pending before the Court is the parties' joint stipulated request to stay proceedings for 60 days and to continue the scheduling conference, filed on March 24, 2026. (Doc. 123). The parties represent that following the Court's order on Plaintiff's motion for a preliminary injunction, they believe that there is a meaningful prospect of settling this case and therefore request the Court stay all further proceedings to allow the parties to focus their efforts on exploring the prospect of

1

settlement. *Id.* at 1. The parties represent that it would be inefficient for the parties and the Court to continue litigating this matter if a settlement can be reached at this time. *Id.* at 2.

**Governing Authority**

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *accord CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In granting a stay, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id.*

Three factors guide the Court's determination of whether a stay is appropriate: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55).

**Discussion**

Here, the interests of judicial economy and efficiency are served by staying this case for a brief period to allow the parties to focus their efforts towards settlement of this case. Proceeding with the litigation of this action risks wasting judicial resources, as the parties may settle their claims during the period of the requested stay.

The Court does not find that the relatively short stay anticipated will cause any hardship. The "orderly course of justice" favors granting the requested stay given the purpose of the stay—to allow the parties time to pursue settlement efforts—aims to simplify the issues and conserve resources. *See CMAX*, 300 F.2d at 268. Therefore, having considered the parties' stipulated request, and because the *CMAX* factors weigh in favor of granting of the stay, the Court finds that a stay of proceedings is appropriate in this case. Accordingly, the Court will continue the scheduling conference and related deadlines as set forth below.

///

///

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. This action is STAYED until **May 25, 2026**;

2. The parties are DIRECTED to file a joint status report by **May 18, 2026**, in which they set forth the status of the parties' settlement efforts and further good cause for any requested extension of the stay.

3. The scheduling conference set for April 6, 2026 (Doc. 122) is CONTINUED to June 23, 2026, at 9:00 AM in Bakersfield (CDB) before Magistrate Judge Christopher D. Baker.  The parties shall appear at the conference remotely via Zoom video conference, and counsel shall obtain the Zoom ID and password from the Courtroom Deputy at least 24 hours prior to the conference. The parties timely shall file a joint scheduling conference statement in compliance with the procedures set forth in the Order Setting Mandatory Scheduling Conference (Doc. 5).

IT IS SO ORDERED.

Dated:    **March 25, 2026**

UNITED STATES MAGISTRATE JUDGE

3